Roy L. AUSTIN, Petitioner–Appellant,

v.

Betty MITCHELL, Warden, Respondent–Appellee.

No. 98–3351.

United States Court of Appeals, Sixth Circuit.

Submitted: Nov. 5, 1999

Decided and Filed: Dec. 28, 1999

Rehearing and Rehearing En Banc Denied Feb. 25, 2000.

---

Thelma T. Price (briefed), Office of the Attorney General, Corrections Litigation Section, Columbus, Ohio, for Respondent–Appellee.

Roy L. Austin (briefed), St. Clairsville, Ohio, Petitioner–Appellant pro se.

Before: GUY and BOGGS, Circuit Judges; and HOOD, District Judge.*

## OPINION

BOGGS, Circuit Judge.

Roy Austin, an Ohio prisoner serving a life sentence for aggravated murder, appeals pro se the district court's dismissal of his habeas petition. The court ruled that the petition filed by Austin was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Our review of the record convinces us that the dismissal should be affirmed, but only partly for the reasons relied on by the district court.

## I

On June 19, 1986, after a telephone argument with his wife's lover, Melvin Catley, Austin armed himself with a pistol, went to his rival's house, and shot Catley to death. He thereupon turned himself in to the police, admitting the killing.

Austin was indicted for aggravated murder with a firearm specification, and although he had confessed to killing Catley, pleaded not guilty to that charge. He was convicted by the jury and sentenced to life in prison, with eligibility for parole after twenty years, and to three additional years, to be served consecutively, for the firearm specification.

Austin pursued a direct appeal through the Ohio courts, repeating a number of complaints made, to no avail, at trial. But one issue raised at trial, also unsuccessfully, was dropped on direct review, and this issue is at the heart of the matter before us. Austin was charged in an indictment that did not contain the words "against the peace and dignity of the State of Ohio," language that the Ohio Constitution, Article IV, Section 20, requires be present in any criminal indictment. At trial, Austin sought to have the case dismissed for that reason, but the court ruled that no substantial rights were violated by this technical defect. Austin's attorney did not raise the matter again on direct review.

Austin's conviction was affirmed by Ohio's court of appeals, and its decision was allowed to stand when the Ohio Supreme Court declined review. All appeals were final on October 21, 1992. Austin then initiated a state habeas corpus petition, in which he raised the abandoned

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken- tucky, sitting by designation.

complaint about the indictment's language. But flaws in an indictment are not a cognizable ground for a habeas petition in Ohio, and Austin allowed that petition to lapse; it was dismissed for inactivity on August 9, 1995. In the meantime, he had turned to state post-conviction review, as provided by Ohio Rev.Code § 2953.21. He filed his petition on December 1, 1994 in the trial court, alleging that the indictment was invalid by virtue of the omitted language, and that his attorney's failure to raise this on appeal had constituted ineffective assistance of appellate counsel.

The state trial court granted summary judgment to the State of Ohio on grounds that the indictment's defect did not prejudice Austin's substantive rights and was a mere formality. It followed established Ohio law with respect to the very language in question. *See State v. Whitt*, 3 Ohio App.2d 278, 210 N.E.2d 279 (1964) (holding that an indictment lacking the words "against the peace and dignity of the State of Ohio" was not fatally flawed). As to the claim of ineffective assistance of appellate counsel, the court held it had no jurisdiction to consider this question.

On appeal from this decision, Austin's sole assignment of error concerned the ruling below on the indictment's language. The court of appeals upheld the trial court's grant of summary judgment to the state on that issue. It then addressed, in dicta, Austin's additional argument that appellate counsel on direct review had provided ineffective assistance when he did not raise the matter. A petition for post-conviction relief, which is filed in the trial court, cannot present a complaint concerning ineffective appellate counsel; Austin had brought that complaint to the wrong court.[1] But in any case it would be unavailing. "Even if appellant's claim could be considered," the court of appeals wrote, "since the action of the trial court with regard to the indictment was, if anything, harmless error, appellate counsel could not be deemed ineffective for not raising the issue on appeal." *State of Ohio v. Roy L. Austin,* No. 95 C.A. 49, 1997 WL 257518 at *3 (Ohio App. 7 Dist. May 6, 1997) (unpublished opinion).

**II**

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner claiming imprisonment in violation of the laws or Constitution of the United States has one year from the conclusion of his state appeal to file for federal habeas relief. 28 U.S.C. § 2244(d)(1). For those whose state appeals concluded prior to the passage of AEDPA, most circuits, including ours, have held that a one-year grace period applies, and that the statute of limitations expires one year from the passage of AEDPA, on April 24, 1997. *See Nooks v. Collins*, No. 98–3243, 1999 WL 98355 (6th Cir. Jan.29, 1999) (unpublished opinion) (citing *Brown v. Angelone*, 150 F.3d 370 375–76 (4th Cir.1998), and *Burns v. Morton*, 134 F.3d 109 111 (3d Cir.1998)). *See also Calderon v. United States Dist. Ct. for the Central Dist. of Cal.*, 112 F.3d 386, 389, *amended*, 128 F.3d 1283, 1287 (9th Cir.1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Thus Austin had until that date to file his petition for federal habeas corpus. However, the limitation period may be tolled: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

1. Ohio case law, and subsequent procedural rules, state that a claim of ineffective assistance of *appellate* counsel may not be reviewed at the trial court, but only at the appeals court level. *See State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); Ohio R.App. P. 26(B). Austin's petition was filed the year after Rule 26(B) was adopted.

Austin claims that his petition, filed January 29, 1998, was timely because the limitations period was tolled in his case while his petition for post-conviction review was pending in the Ohio courts. Although the case was pending, the district court held that the statute of limitations period was not tolled, on the grounds that the complaint on which Austin's post-conviction review was based—the technical defect in the indictment does not present a cognizable federal habeas claim.

But Austin's post-conviction petition, as originally presented to the trial court, contained two complaints. As a result, we are confronted by two different questions, each of first impression in this circuit.

■ The first complaint, regarding the defect in the indictment's language, is clearly an issue of Ohio law and does not raise a federal constitutional question. It was properly filed in the Court of Common Pleas of Mahoning County, pursuant to Ohio Rev.Code 2953.21, on December 1, 1994, and received appellate review for the first time in the Seventh District Court of Appeals, in a judgment filed May 6, 1997. That judgment was sustained by the Supreme Court of Ohio when it declined to hear the case, in an order filed September 17, 1997. Thus, we are presented with the question of whether a state post-conviction petition which is otherwise properly filed must, to toll the AEDPA statute of limitations under § 2244(d)(2), raise a federal constitutional issue.

The Supreme Court's recent discussion of the exhaustion requirement in connection with state prisoners' federal habeas petitions leaves little doubt that it must. See O'Sullivan v. Boerckel, 526 U.S. 838, —— — ——, 119 S.Ct. 1728, 1732–33, 144 L.Ed.2d 1 (1999). Just as the tolling provision applies to a state review "with respect to the pertinent judgment or claim," so the exhaustion provision of the basic habeas statute, 28 U.S.C. § 2254(c), states: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, *the question presented*." (emphasis added). Discussing this section, the Court reasoned as follows:

State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief .... the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. . . .

*Id.* at ——, 119 S.Ct. at 1732.

■ Thus, the federal habeas exhaustion doctrine is not meant to apply to purely state law or state constitutional claims, such as technical defects in indictments. This rule is sound for another reason, as well. Federal courts do not necessarily know the intricacies of state law and the possible claims the latter may make available to a petitioner; it would, therefore, be inappropriate for a federal court to determine whether a petitioner's non-federal remedies have been exhausted. By the same token, the federal habeas tolling provision should not be invoked except when a federal claim remains unexhausted in state court. Tolling is the complement of the exhaustion requirement. We hold, therefore, that a state petition for post-conviction or other collateral review must present a federally cognizable claim for it to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). Austin's post-conviction complaint regarding the missing language of his indictment failed to satisfy this requirement.

■ However, his second complaint in the state post-conviction proceeding, regarding ineffective assistance of appellate counsel, does raise a federal constitutional claim. *See Evitts v. Lucey*, 469 U.S. 387,

396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (holding the Sixth Amendment right to effective assistance extends to a criminal defendant's first appeal as of right). But, as noted above, it was filed in the wrong state court. This could present the question of whether a petition filed in the wrong state court is or is not "properly filed" for the same purpose of tolling the AEDPA statute.[2]

■ We need not reach that question, however, since there is a more fundamental defect in the attempt to use this complaint to toll the AEDPA limitations period. The complaint of ineffective assistance of appellate counsel, raised on post-conviction review, is simply not one of the four grounds of Austin's federal habeas petition.[3] The question before us thus is whether, to toll the AEDPA statute of limitations, a state post-conviction proceeding must concern at least one of the claims being made in the federal habeas petition. This, too, is a matter of first impression in this circuit.

The tolling provision applies to a pending state review "with respect to *the pertinent judgment or claim* . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). Just as such state review must concern a federally cognizable claim to toll the AEDPA period of limitation, so also the rule should be that such review must concern a federally cognizable claim that is being made in the instant habeas petition. Otherwise, the purpose of tolling, which is to provide the state courts with the first opportunity to resolve the prisoner's federal claim, is not implicated.

We accordingly adopt this rule, and hold that a state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review "with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations. Austin's state claim of ineffective assistance of appellate counsel, although presenting a federally cognizable claim, failed to toll the statute for that reason.

2. Although no circuit court appears to have addressed this question directly, the Fourth Circuit has upheld the reasoning of a district court that dismissed a habeas petition as time-barred on grounds that "properly filed" implies notice to the respondent, proper place of filing, and timeliness. *See Holloway v. Corcoran*, 980 F.Supp. 160, 161 (D.Md. 1997), *appeal dismissed by Holloway v. Corcoran*, 162 F.3d 1155 (4th Cir.1998). In *Holloway*, the district court quoted approvingly the decision of a district court from the Second Circuit: "in order to trigger the tolling mechanism, a petitioner's collateral review application must be submitted in accordance with any applicable procedural requirement, such as notice to the respondent, correct place of filing, and timeliness of the motion." 980 F.Supp. at 161 n. 5 (*quoting Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y.1997)).

This approach is correct for two reasons. First, it respects the plain, straightforwardly procedural implication of the words "properly filed." *See ibid.* Second, although, as the district court noted in *Hughes*, legislative history sheds no light on what Congress intended by those words, Congress's purposes in passing AEDPA are furthered by this approach. Otherwise, a petitioner could effec-

tively thwart the one-year statute of limitations imposed by Congress by intentionally filing a petition in the wrong court and thereby delaying the running of the one-year period of limitation. Theoretically, a petitioner could do this more than once. One of the primary purposes of Congress in adopting the 1996 amendments affecting habeas procedures was to contain them within reasonable time limits and eliminate the historical abuses of habeas for the purpose of deferring finality of judgments. Adopting a rule that an improperly filed petition, i.e. one filed in the wrong court, does not toll the statute furthers the purposes of Congress in enacting a one-year statute of limitations.

3. Those grounds are: (1) his confession was illicitly obtained without a Miranda warning; (2) his conviction for aggravated murder was against the weight of evidence tending to show he acted in a state of insanity or at least extreme emotional duress; (3) his trial took place while police outside the courthouse, provoked by an unrelated case, were protesting lenient treatment of homicide defendants; (4) his indictment was fatally defective due to the missing language, as discussed *supra* p. 392–93.

## III

For both the foregoing reasons, the district court's dismissal of Austin's habeas petition as time-barred is **AFFIRMED**.