**Pete Clinton JENKINS, Petitioner–Appellant,**

v.

**James DUKES, Respondent–Appellee.**

No. 00–5943.

United States Court of Appeals, Sixth Circuit.

March 12, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

## ORDER

Pete Clinton Jenkins, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 31, 1994, Jenkins was convicted of two counts of aggravated rape pursuant to his nolo contendere plea. Jenkins was sentenced to serve fifteen years of imprisonment for each rape count, to run consecutively. Jenkins did not directly appeal his convictions.

On May 22, 1995, Jenkins filed a petition for post-conviction relief. The state trial court denied Jenkins's post-conviction petition on August 2, 1995. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on November 8, 1996. Jenkins did not pursue an appeal to the Tennessee Supreme Court from the court of appeal's decision.

On April 10, 2000, Jenkins filed a petition for a writ of habeas corpus, alleging the following grounds for relief: (1) malicious prosecution based upon an alleged defective indictment and the prosecutor's alleged withholding of exculpatory evidence; (2) ineffective assistance of trial counsel; (3) his nolo contendere plea was not voluntary, knowing, and intelligent; and (4) ineffective assistance of counsel

during post-conviction proceedings. The district court dismissed Jenkins's habeas corpus petition as time-barred and granted a certificate of appealability. Jenkins filed a timely appeal.

■ We review de novo the district court's disposition of a habeas corpus petition. *Rickman v. Bell,* 131 F.3d 1150, 1153 (6th Cir.1997). The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA became effective on April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Habeas corpus petitioners, whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). This one-year grace period is tolled by any time spent pursuing properly filed state post-conviction or other collateral review proceedings. *Id.*

■ Upon review, we conclude that the district court properly dismissed Jenkins's habeas corpus petition as untimely. *See Rickman,* 131 F.3d at 1153. Jenkins's state court convictions became final prior to the effective date of the AEDPA. Thus, Jenkins is allowed one year from the effective date of the AEDPA, or until April 24, 1997, to file his habeas corpus petition. *See Austin,* 200 F.3d at 393. Jenkins's habeas corpus petition was not signed until April 4, 2000, *see Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), well beyond the one-year grace period for filing such a petition.

■ Jenkins's petition for post-conviction relief does not serve to toll the statute of limitations in his favor. Jenkins's post-conviction petition was filed on May 22, 1995, prior to the effective date of the AEDPA. The post-conviction proceedings concluded on November 8, 1996, when the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief and Jenkins chose not to appeal that decision to the Tennessee Supreme Court. While the post-conviction proceedings tolled the statute of limitations until November 8, 1996, the statute of limitations began to run on November 9, 1996, and expired one year later, on November 9, 1997. Since Jenkins did not file his § 2254 habeas corpus petition within that one-year period, his petition is untimely and barred by the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.