Thomas M. BEACH, Petitioner–Appellant,

v.

Gary MOHR, Respondent–Appellee.

No. 00–3522.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

Thomas M. Beach, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1974, Beach pleaded guilty to rape and abduction for immoral purposes. He was sentenced to concurrent terms of four to twenty-five years and three to twenty years of imprisonment. After twenty-four years of filing various appeals and motions in the state courts of Ohio, Beach filed his federal habeas corpus petition alleging that his sentence violated the Ex Post Facto Clause of the United States Constitution. The district court dismissed the petition as being barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1).

In his timely appeal, Beach argues that the district court erred in applying the statute of limitations to his petition as the petition could not have been filed until 1998. Beach also states that he has been incarcerated beyond his twenty-five year sentence. He requests the appointment of counsel.

On reviewing a district court's disposition of a § 2254 petition, the district court's legal conclusions are reviewed de novo while any findings of fact are reviewed for clear error. See DeLisle v. Rivers, 161 F.3d 370, 380 (6th Cir.1998).

Beach's habeas petition is barred by the one-year statute of limitations of § 2244(d)(1). Since Beach is challenging his 1974 conviction, he had one year after the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) to file his petition. See Bronaugh v. Ohio, 235 F.3d 280, 284–85 (6th Cir.2000). Thus, Beach had until April 24, 1997, to file his habeas corpus petition unless the statute of limitations was tolled.

The statute of limitations was not tolled in this case. A state post-conviction complaint which does not assert claims in

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

the federal habeas corpus petition does not toll the statute of limitations. *Austin v. Mitchell,* 200 F.3d 391, 395 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). An examination of Beach's state post-conviction proceedings closest to the effective date of the AEDPA shows that the statute was not tolled.

 Beach's first state habeas petition was filed in 1994 and ended with an adverse decision in the Ohio Court of Appeals on June 14, 1996. However, this action does not toll the grace period as the issues raised in that action were not presented in his federal habeas corpus petition. *Id.* This is also true of a second post-conviction proceeding filed on September 18, 1996. Finally, Beach's belated notice of appeal and second state habeas corpus petition did not toll the statute of limitations as they were both filed after April 24, 1997. Thus, Beach's federal habeas corpus petition, filed on January 14, 1998, is barred by the one-year statute of limitations of § 2244(d)(1).

Beach also contends that he is being held after the expiration of his sentence and that he could not have discovered the basis for his claim until March 31, 1998, when his sentence expired. However, as the district court noted, this claim was not raised as a federal constitutional issue before the state courts of Ohio. Thus, the claim is not cognizable for federal habeas corpus review. *See id.* at 394–95.

Accordingly, we deny the request for counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.