**Stacie Ben HUNT, Petitioner,**

v.

**Jimmy STEGALL, Respondent.**

**No. 01–70384–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 22, 2001.

*OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND DENYING A CERTIFICATE OF APPEALABILITY*

DUGGAN, District Judge.

Petitioner Stacie Ben Hunt, a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's Motion to Dismiss for Failure to Comply With the Statute of Limitations. For the reasons set forth below, the Court shall grant Respondent's Motion to Dismiss.

### Background

Following a bench trial in Recorder's Court for the City of Detroit, Petitioner was convicted of possession with intent to deliver 225 to 650 grams of cocaine and possession with intent to deliver marijuana. On June 3, 1986, he was sentenced to twenty to thirty years imprisonment for the cocaine conviction and one to four years imprisonment for the marijuana conviction, to be served concurrently.

Petitioner filed an appeal to the Michigan Court of Appeals, which affirmed his conviction. *People v. Hunt,* No. 94103 (Mich.Ct.App. June 21, 1988). He then

filed an application for leave to appeal to the Michigan Supreme Court, which denied leave to appeal. *People v. Hunt,* No. 83670 (Mich. Feb. 2, 1989).

On October 18, 1991, Petitioner filed a motion for relief from judgment in the trial court, which was denied. *People v. Hunt,* No. 85–04431 (Detroit Recorder's Court Oct. 4, 1993). Petitioner filed a delayed application for leave to appeal the trial court's decision in the Michigan Court of Appeals, which denied leave to appeal. *People v. Hunt,* No. 184559 (Mich.Ct.App. July 14, 1995). Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, which was also denied. *People v. Hunt,* 452 Mich. 852, 550 N.W.2d 538 (Mich.1996).

On July 6, 1998, Petitioner filed another motion for relief from judgment in the trial court. The trial court denied the second motion for relief from judgment on December 14, 1998. *People v. Hunt,* No. 85–4431 (Detroit Recorder's Court Dec. 14, 1998). Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for leave to appeal as untimely. *People v. Hunt,* No. 224247 (Mich.Ct.App. Apr. 26, 2000). Thereafter, Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Hunt,* No. 117033 (Mich. Nov. 29, 2000).

On January 23, 2001, Petitioner filed the pending petition for a writ of habeas corpus, and on August 24, 2001, he filed a motion for an evidentiary hearing.

## Discussion

### I. *Statute of Limitations*

Respondent has filed a motion to dismiss on the ground that the petition for a writ of habeas corpus is barred from review because it is untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. As Petitioner's application for habeas corpus relief was filed after April 24, 1996, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy,* 521 U.S. 320, 337, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which habeas petitions challenging state court judgments must be filed. In most cases, a prisoner is required to file a federal habeas corpus petition within one year of completing direct review of the habeas claims. 28 U.S.C. § 2244(d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999).

In the pending case, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, Petitioner was required to file his application for habeas corpus by April 24, 1997, to comply with the one-year limitations period. However, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2).[1]

---

1. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

■ On April 24, 1996, the date Petitioner's limitations period began, Petitioner's appeal from the trial court's denial of his first motion for relief from judgment was pending in state court. That appeal, a properly filed application for state collateral review, tolled the limitations period until June 21, 1996, the date the Michigan Supreme Court denied Petitioner's application for leave to appeal the trial court's denial of his motion for relief from judgment. Therefore, on June 22, 1996, Petitioner no longer had any applications for state collateral review pending and the AEDPA's one-year limitations period commenced. Thus, to be timely, Petitioner had to file his habeas corpus petition, or another application for state collateral review, by June 22, 1997.

■ Petitioner did not file another motion for relief from judgment in state court until July 6, 1998. Thus, Petitioner's second motion for relief from judgment, filed over a year after the limitations period expired, could not serve to toll the limitations period.

In addition, Petitioner fails to allege any exceptional circumstances which would warrant equitable tolling of the limitations period.

Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

II. *Certificate of Appealability*

■ At this time the Court shall also make a determination as to any certificate of appealability that may be requested by Petitioner. 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides that "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio*

*Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir.1997). However, when a petition is denied on procedural grounds, a somewhat different standard applies. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). In such cases, a certificate of appealability shall issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

As the Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," the Court shall deny any request for a Certificate of Appealability.

### Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Respondent's Motion to Dismiss is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** in this matter.

any period of limitation under this subsection."