**Rocky L. JOHNSON, Petitioner–Appellant,**

v.

**Michael RANDLE, Warden, Respondent–Appellee.**

**United States of America, Plaintiff–Appellee,**

v.

**Melvin Johnson, Defendant–Appellant.**

**No. 01–3098.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Rocky L. Johnson, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 28, 1994, a jury convicted Johnson of felonious assault with a firearms specification. On October 3, 1994, the trial court sentenced Johnson to consecutive prison terms of seven to fifteen years for the felonious assault charge and

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

three years actual incarceration for the firearm specification. On May 9, 1996, the Ohio Court of Appeals affirmed the conviction. Johnson did not appeal this decision to the Ohio Supreme Court. After filing miscellaneous motions with the state courts of Ohio, Johnson filed his petition for habeas corpus relief on March 29, 2000. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as being barred by the applicable statute of limitations.

In his timely appeal, Johnson argues that cause and prejudice due to his attorney's representation excused the application of the statute of limitations. Johnson also raises thirteen additional arguments regarding the merits of his underlying petition.

The district court's judgment is reviewed de novo. *See Bronaugh v. Ohio,* 235 F.3d 280, 282 (6th Cir.2000). The factual history of Johnson's case is as follows:

| DATE | DESCRIPTION |
| --- | --- |
| September 28, 1994 | Jury Convicts Johnson |
| October 3, 1994 | Judgment Entered |
| May 9, 1996 | Ohio Court of Appeals Affirms Judgment |
| June 23, 1996 | Last Day Johnson Could Seek Review From the Ohio Supreme Court |
| April 24, 1997 | Johnson Moves the Trial Court to Produce Documents and for Court Records Without Cost |
| September 9, 1997 | The Trial Court Denies Motion as Failing to Follow Proper Procedures |
| May 7, 1998 | Johnson Moves for Shock Probation |
| June 1, 1998 | Trial Court Denies Motion for Shock Probation |
| August 18, 1998 | Johnson Moves Trial Court to Vacate the September 9, 1997 Decision |
| August 24, 1999 | Trial Court Denies Motion to Vacate |
| November 25, 1998 | Johnson Files an Application to Reopen His Appeal with the Ohio Court of Appeals |
| June 15, 1999 | Ohio Court of Appeals Denies Motion to Reopen |
| July 8, 1999 | Johnson Moves to Expedite the Proceedings with the Ohio Court of Appeals |
| August 9, 1999 | Ohio Court of Appeals Denies Motion to Expedite as Moot |
| February 2000 | Johnson Attempts to File a Delayed Appeal with Ohio Supreme Court From the January 15, 1999 Decision |
| February 16, 2000 | Ohio Supreme Court Returns the Motion for a Delayed Appeal as Untimely |
| March 18, 2000 | Johnson Files His Habeas Corpus Petition with the District Court |

In *Bronaugh,* we addressed the question of when a habeas corpus petition is timely filed for purposes of 28 U.S.C. § 2244(d). *Id.* at 281. Johnson had until June 23, 1996, to file an appeal with the Ohio Supreme Court. However, he failed to do so. Thus, the statute of limitations began to run on June 24, 1996. *Id.* at 285. Johnson had one year from June 24, 1996, to file his habeas corpus petition. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). However, any properly filed post-conviction relief motion will toll the statute of limitations of § 2244(d). *Bronaugh,* 235 F.3d at 285–86. The record reflects that Johnson failed to file any post-conviction relief motion in the state courts of Ohio prior to June 24, 1997. Thus, Johnson's habeas corpus petition was untimely.

We note that although Johnson filed a motion for the production of documents and for a free copy of the court record, these requests do not toll the statute of limitations of § 2244(d). The statute requires that there must be a request for collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d). The request for information and the request for a copy of the record are not challenges to the conviction or judgment. Therefore, these requests do not toll the statute of limitations.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Melvin Johnson appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Johnson pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846. The court sentenced him to a total of 168 months of imprisonment, and three years of supervised release.

On appeal, Johnson's counsel filed a brief, arguing that: 1) the court improperly denied him a downward departure; and 2) the court improperly determined the amount of drugs attributable to him. Johnson filed a pro se brief, asserting the following additional arguments: 3) the district court improperly enhanced his sentence based on his role in the offense; 4) his sentence is improper in light of the Supreme Court's recent decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Johnson also requests this court to reconsider its prior order denying his motion to replace his current counsel.

Upon review, we conclude that Johnson argument that the district court improperly declined to grant him a downward departure is not reviewable. The record simply does not reflect that the district court denied Johnson's request for a downward departure based on the mistaken belief that it lacked the authority to depart. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995).

We also conclude that the district court properly determined the amount of drugs attributable to Johnson. This court reviews a district court's drug quantity determination for clear error. *United States v. Hernandez,* 227 F.3d 686, 697 (6th Cir. 2000); *United States v. Owusu,* 199 F.3d 329, 338 (6th Cir.2000). The government must prove the amount attributable to the defendant by a preponderance of the evidence. *Hernandez,* 227 F.3d at 686. Testimonial evidence from a coconspirator may be sufficient to determine the amount of drugs for which another coconspirator should be held accountable. *Id.* A review of the sentencing transcript clearly establishes that two witnesses (co-defendant

Heard and Agent McCann) provided sufficient and reliable testimony that Johnson was responsible for between fifteen and fifty kilograms of cocaine.

The district court properly enhanced Johnson's sentence based on his leadership role in the offense. *Hernandez,* 227 F.3d at 699; *Owusu,* 199 F.3d at 345. The sentencing guidelines provide that the sentencing court should increase a defendant's offense level by two levels if the defendant was an organizer, leader, manager, or supervisor in any criminal activity. *See* USSG § 3b1.1(c); *United States v. Blandford,* 33 F.3d 685, 709 (6th Cir.1994). The preponderance of the evidence establishes that Johnson was an organizer, leader, manager, or supervisor of a conspiracy to distribute cocaine and cocaine base.

Finally, we conclude that *Apprendi* does not control this case because Johnson's sentence of 168 months for conspiracy to distribute between 15 and 50 kilograms of cocaine and cocaine does not exceed the prescribed statutory maximum of 20 years. *See* 18 U.S.C. § 841(b)(1)(C). This is simply not a case where the judge determined an amount of drugs or any other sentencing factor that produced a sentence beyond the base maximum penalty contemplated by the offense of conviction.

Accordingly, we deny the request for reconsideration and affirm the judgment of conviction and sentence.