Jess HENSLEY, Petitioner–Appellant,

v.

William C. SEABOLD, Warden, Respondent–Appellee.

No. 00–6789.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Jess Hensley appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

A Kentucky jury convicted Hensley of wanton murder in 1993. He was sentenced to fifty years of imprisonment, and that sentence was affirmed on direct appeal.

Hensley filed his § 2254 petition on March 6, 2000, alleging the effective assistance of counsel and several evidentiary claims. The district court adopted a magistrate judge's report on December 13, 2000, and dismissed the case because it was untimely filed.

A *de novo* review of the available record indicates that Hensley's § 2254 petition may have been timely filed within the one-year limitations period that was established by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Hensley was allowed a one-year grace period in which to file his petition because his sentence became final before the AEDPA took effect. This period ended on April 24, 1997, but it may have been tolled by two post-conviction actions that Hensley filed in the state courts. *See* 28 U.S.C. § 2244(d)(2).

In 1995, Hensley filed a motion under Ky. R.Crim. P. 11.42. The trial court's denial of this motion was affirmed, and the

state supreme court declined further review on January 13, 1999.

The magistrate judge found that this motion had not tolled the limitations period because it did not raise the same claims as Hensley's § 2254 petition. *See generally Austin v. Mitchell,* 200 F.3d 391, 395 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). However, the Commonwealth now concedes that further proceedings are needed because Hensley's R.Cr. 11.42 motion is not included in the record and it may have raised ineffective assistance claims that were similar to the first claim in his current petition. Thus, it appears that this motion may have tolled the limitations period from the enactment of the AEDPA through January 13, 1999. *See* 28 U.S.C. § 2244(d)(2).

If so, less than three months of the limitations period would have elapsed by March 31, 1999, when Hensley filed a state habeas corpus petition that raised the same claims as the last three claims in his current § 2254 petition. The trial court denied the state petition because these claims involved issues that had been considered in Hensley's direct appeal and R.Cr. 11.42 action. The trial court's judgment was affirmed, and the state supreme court declined further review on February 16, 2000.

The magistrate judge found that the limitations period was not tolled by Hensley's state habeas corpus action because it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Unfortunately, the magistrate judge did not have the benefit of the Supreme Court's recent decision in *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), which indicates that a state action is properly filed if "its delivery and acceptance [were] in compliance with the applicable laws and rules governing filings," such as

"the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* at 8, 121 S.Ct. 361 (footnote omitted).

The Commonwealth argues that Hensley waived appellate review of this issue, as he did not specifically object to the magistrate judge's finding that his state petition had not been properly filed. This argument is unpersuasive because Hensley's objections were filed before the decision in *Artuz* and because they did generally assert that his state actions had been properly filed.

Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.