Jonathan NOOKS, Petitioner–Appellant,

v.

Terry COLLINS, Warden, Respondent–Appellee.

No. 99–3871.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

Jonathan Nooks appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1981, Nooks pleaded no contest to charges of felonious assault and sexual battery and was sentenced to consecutive terms of three to ten years of imprisonment and three to fifteen years of imprisonment, respectively. The Ohio Court of Appeals affirmed the convictions on appeal, and Nooks did not appeal to the Ohio Supreme Court. Thereafter, Nooks filed a petition for a writ of habeas corpus in the sentencing court on November 20, 1996, which the trial court denied. The Ohio Court of Appeals affirmed the sentencing court's judgment on July 24, 1997. Again, Nooks did not appeal to the Ohio Supreme Court. Rather, Nooks filed a notice of delayed appeal in the sentencing court on September 2, 1997, which the Ohio Court of Appeals denied on September 22, Ohio Supreme Court dismissed Nooks's appeal as not involving any substantial constitutional question on January 21, 1998.

Nooks filed his federal habeas petition in the district court on February 4, 1998, asserting as grounds for relief that: (1) he was not properly indicted after his original indictment was nolle prossed; (2) he was denied a speedy trial; and (3) the sentencing court lacked jurisdiction. After the district court initially dismissed the petition as barred under the applicable statute of limitations, this court re-manded the case to the district court for further consideration of whether Nooks's motion for a delayed appeal tolled the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). *See Nooks v. Collins,* No. 98–3243, 1999 WL 98355 (6th Cir. Jan.29, 1999). On remand, the district court again dismissed the petition as barred by the statute of limitations, and Nooks filed a motion for relief from judgment and a notice of appeal. Thereafter, the state moved to dismiss the petition as barred under the statute of limitations and because Nooks procedurally defaulted his claims in the state courts. The district court denied Nooks's motion for relief from judgment and dismissed the petition, but granted petitioner a certificate of appealability.

Upon de novo review, *see Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we affirm the judgment because the petition is barred under the applicable statute of limitations. Nooks's convictions became final in 1983, well before the effective date of the AEDPA. Therefore, Nooks ordinarily had only until April 24, 1997, in which to file any federal habeas corpus petition. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). However, Nooks filed a state habeas corpus petition in the sentencing court on November 20, 1996, that tolled the limitations period until the Ohio Court of Appeals affirmed the sentencing court's judgment dismissing the petition on July 24, 1997. At that time, the limitations period began to run.

The district court correctly concluded that Nooks's subsequent motion for leave to file a delayed appeal did not toll the limitations period. The motion for leave to

file a delayed appeal would not toll the limitations period in any event because Nooks did not assert any federal constitutional claim in the appeal. *See Austin*, 200 F.3d at 393. Under these circumstances, the district court correctly concluded that the delayed appeal did not toll the limitations period.

Assuming that only Nooks's state habeas petition tolled the limitations period, the state correctly asserts that Nooks had only until December 28, 1997, to file his federal habeas petition. As noted, the limitations period ran nearly seven months from the April 24, 1996, effective date of the AEDPA, until Nooks filed his state habeas petition on November 20, 1996. The limitations period was tolled for this post-conviction proceeding until the state court of appeals affirmed the sentencing court's judgment on July 24, 1997. The limitations then began to run again until the period expired approximately five months later on December 28, 1997. Nooks did not file his federal habeas petition until February 4, 1998, well after the limitations period expired. Therefore, the district court properly dismissed the petition in this case.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.