In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2628

Ivy J. Carter,

Petitioner-Appellant,

v.

Jon E. Litscher,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00-C-1229--Patricia J. Gorence, Magistrate Judge.

Submitted December 13, 2001--Decided December 28, 2001


   Before Bauer, Easterbrook, and Evans,
Circuit Judges.

   Easterbrook, Circuit Judge.  A prisoner
seeking to wage a federal collateral
attack on a criminal judgment normally
must file the proceeding within one year
of the judgment's finality. 28 U.S.C.
sec.sec. 2244(d), 2255 para.6. Several
provisions allow extra time. This case
presents a question about one of these,
sec.2244(d)(2), which provides:

The time during which a properly filed
application for State post-conviction or
other collateral review with respect to
the pertinent judgment or claim is
pending shall not be counted toward any
period of limitation under this
subsection.

Ivy Carter, serving a life sentence in
Wisconsin for murder, pursued collateral
review twice in state court, and the
state concedes that both proceedings were
"properly filed." See Artuz v. Bennett,
531 U.S. 4 (2000); Freeman v. Page, 208
F.3d 572 (7th Cir. 2000). If the time
they were pending counts under
sec.2244(d)(2), then Carter's federal
petition is timely; otherwise it is not.
The district court concluded that some of
the time (enough to make a difference)
does not count, because the issues Carter
presented to the state tribunal differ
from those presented to the federal

tribunal. According to the district court, time is excluded by sec.2244(d)(2) only if the prisoner raises in the state collateral challenge at least one of the federal constitutional issues in the federal challenge. Thus if, for example, a state prisoner presents his main federal constitutional claims on direct appeal and uses a state collateral attack to raise claims based on state law (or federal constitutional claims later omitted from the federal collateral attack), then sec.2244(d)(2) does not apply. This approach has the support of Austin v. Mitchell, 200 F.3d 391 (6th Cir. 1999), but has been rejected by Tillema v. Long, 253 F.3d 494 (9th Cir. 2001). Carter's appeal is properly before us, even though the certificate of appealability fails to identify a substantial constitutional issue and thus does not satisfy 28 U.S.C. sec.2253(c)(2), see Slack v. McDaniel, 529 U.S. 473, 483-85 (2000), because the state has made nothing of this problem and thus has forfeited the benefits of that statute. Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000); United States v. Marcello, 212 F.3d 1005 (7th Cir. 2000).

Austin concluded that tolling occurs under sec.2244(d)(2) only if a prisoner includes in his state collateral attack at least one of the issues raised in the federal challenge. The court reasoned: "Otherwise, the purpose of tolling, which is to provide the state courts with the first opportunity to resolve the prisoner's federal claim, is not implicated." 200 F.3d at 395. This is not correct; it confuses tolling with exhaustion. A state court must be given the first opportunity to address the federal issue, see 28 U.S.C. sec.2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); but this exhaustion requirement can be satisfied on direct appeal as well as on collateral attack. Usually it is preferable to raise the federal question as soon as possible, which means at trial and on direct appeal. Cf. Wainwright v. Sykes, 433 U.S. 72 (1977). This does not imply, however, that state prisoners must proceed immediately from their direct appeals to federal collateral attacks. A state collateral proceeding based solely on state-law issues may avoid the need for federal relief, and a tolling rule permits prisoners to pursue such theories

in state court without jeopardizing their ability to raise the federal constitutional issues later in federal court, if that proves to be necessary. See Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120, 2128 (2001).

No matter what one makes of the policy arguments, however, the language of sec.2244(d)(2) offers no leeway for them. See Artuz, 531 U.S. at 10 ("Whatever merits . . . policy arguments [concerning sec.2244] may have, it is not the province of [judges] to rewrite the statute to accommodate them."). Time is suspended while a "properly filed" state collateral attack "with respect to the pertinent judgment or claim is pending" (emphasis added). Austin reads the word "judgment" out of sec.2244(d)(2) and tolls the time only while a particular "claim" (which Austin took to mean "theory of relief") is before the state court. That is just not what the statute says. Any properly filed collateral challenge to the judgment tolls the time to seek federal collateral review. Even Austin's implicit definition of "claim" is questionable, for this word usually denotes a whole transaction rather than a legal theory. Cf. Brannigan v. United States, 249 F.3d 584 (7th Cir. 2001) (discussing other possible meanings of the word "claim" in the aedpa). We therefore disapprove Austin's holding. Properly filed collateral challenges to the judgment Carter wants to contest were pending in state court for long enough to make Carter's federal challenge timely. His petition must be adjudicated on the merits.

Reversed and Remanded