**Johnny COWHERD, Petitioner–Appellant,**

v.

**George MILLION, Warden, Respondent–Appellee.**

No. 02–5499.

United States Court of Appeals, Sixth Circuit.

Sept. 10, 2003.

Christopher J. Pagan, Repper, Powers & Pagan, Middletown, OH, for Petitioner–Appellant.

Kent T. Young, Office of the Attorney General, Frankfort, KY, for Respondent–Appellee.

Before: SILER, BATCHELDER, and COOK, Circuit Judges.

### *ORDER*

Johnny Cowherd, a Kentucky state prisoner, appeals through appointed counsel a district court order dismissing his petition

for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations. Neither party has requested oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Cowherd was convicted following a 1993 jury trial of two counts of first degree rape, four counts of first degree sodomy, and first degree criminal trespass. The jury recommended sentences of sixteen years each on the rape convictions, eighteen years each on the sodomy counts, and six months on the trespassing charge, to run concurrently. The trial court judge sentenced Cowherd to those terms, but ordered that they run consecutively, for a total of 104 years of imprisonment. The conviction was affirmed on direct appeal. Four postconviction actions were filed in the state court. The first of these became final prior to the effective date of the Anti-terrorism and Effective Death Penalty Act (AEDPA), April 24, 1996. The statute of limitations therefore began to run on that date. *Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir.), *cert. denied,* 534 U.S. 905, 122 S.Ct. 237, 151 L.Ed.2d 171 (2001). Cowherd filed a second postconviction action on January 10, 1997, which was finally disposed of on December 9, 1998. He filed two more postconviction proceedings, on March 10, 1999, and September 12, 2000. This petition for federal habeas corpus relief was filed on June 11, 2001. Four claims for relief were asserted in the petition: ineffective assistance of trial counsel; an Eighth Amendment claim; a Double Jeopardy Clause violation; and ineffective assistance of appellate counsel.

Respondent moved to dismiss the petition on the ground that it was barred by the statute of limitations. Specifically, respondent argued that Cowherd's second postconviction action did not toll the running of the statute because it raised only state law claims. The matter was referred to a magistrate judge, who recommended that the motion to dismiss be granted. Over Cowherd's objections, the district court adopted the magistrate judge's report and dismissed the petition, and granted a certificate of appealability. On appeal, Cowherd argues that the case of *Austin v. Mitchell,* 200 F.3d 391, 394 (6th Cir.1999), which held that a postconviction action must present a federal claim in order to toll the statute of limitations under 28 U.S.C. § 2244(d)(2), was wrongly decided. Alternatively, he argues that his second postconviction proceeding did present a federal claim. Respondent argues that the district court only certified the former question for appeal, and that it was waived because it was only incorporated by reference to Cowherd's response to the motion to dismiss in the objections to the magistrate judge's report.

Initially, we reject respondent's argument that the only issue certified for appeal by the district court is whether *Austin* was correctly decided. Review of the district court order granting the certificate of appealability shows that the district court stated that it was debatable whether this petition was properly dismissed as barred by the statute of limitations, and that the underlying claims were not obviously without merit. Therefore, all arguments relevant to whether the dismissal on procedural grounds was proper are before this court. Respondent also argues that Cowherd waived the argument that *Austin* was incorrectly decided when he only raised it by reference to his response to the motion to dismiss in his objections to the magistrate judge's report. It is not necessary to decide whether the argument was waived under these circumstances, because this panel cannot overrule published authority of another panel of this court in any event. Furthermore, discussion of the

issues raised in this case might be academic if respondent had supplied the court with the entire procedural history of the case in its motion to dismiss. Adding together the days elapsed between the effective date of the AEDPA and the filing of the second postconviction action, and the days between the final decision in the second postconviction action and the filing of the third postconviction action, reveals that Cowherd had approximately twelve days remaining in the statutory period after the denial of his third postconviction action. Because respondent has not informed the court of that date, or the date of the dismissal of the fourth postconviction action, it may be that this petition was barred without reference to the failure to raise a federal claim in the second postconviction proceeding. In the absence of this information, the merits of this argument must be addressed.

■ Under this court's decision in *Austin*, a postconviction action does not toll the running of the statute of limitations unless the action raises a federal claim. Cowherd's second postconviction action raised the argument, among others, that the trial court erred in rejecting the jury's recommendation that his sentences run concurrently rather than consecutively. In the course of pointing out several reasons why the sentence in this case supposedly violated state law, Cowherd mentioned that the sentence was "unduly harsh." He argues that this phrase calls to mind the Eighth Amendment, and therefore this postconviction action tolled the statute of limitations, relying on *Bocian v. Godinez*, 101 F.3d 465, 470 (7th Cir.1996). However, that case is distinguishable, as Bocian also cited the Eighth Amendment and referred to a violation of his constitutional rights, as well as citing to state cases discussing the Eighth Amendment. On the contrary, in this postconviction proceeding, Cowherd clearly raised only arguments of state law, and therefore it did not toll the statute of limitations under *Austin*.

■ Alternatively, Cowherd argues that *Austin* was wrongly decided, citing to cases from other circuits which have rejected its holding. *See, e.g., Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir.2001); *Tillema v. Long*, 253 F.3d 494, 502 n. 10 (9th Cir.2001). However, *Austin* is the controlling authority in this circuit and cannot be overruled by a panel of this court. *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir.2001), *cert. denied*, 536 U.S. 942, 122 S.Ct. 2626, 153 L.Ed.2d 808 (2002).

Accordingly, the dismissal of this petition as barred by the statute of limitations is affirmed.