**Charles M. YOUNG, Jr., Petitioner–Appellant,**

v.

**Bruce CURTIS, Respondent–Appellee.**

**No. 03–1634.**

United States Court of Appeals, Sixth Circuit.

April 30, 2004.

Rehearing En Banc Denied Aug. 9, 2004.

Charles M. Young, Jr., Ionia, MI, pro se.

William C. Campbell, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before: BATCHELDER and MOORE, Circuit Judges; and CALDWELL, District Judge.*

## ORDER

Charles M. Young, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1976, a jury convicted Young of first degree murder. He was sentenced to life imprisonment without the possibility of parole. Young's conviction was affirmed by the Michigan Court of Appeals in 1978 and the Michigan Supreme Court denied leave to appeal in 1979. Young then filed two motions for transcripts with the state trial court which were denied in 1988 and 1989. These decisions were subsequently affirmed on appeal. On April 26, 1999, Young filed a motion for relief from judg-

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ment with the state trial court. The motion was denied on July 19, 1999. He then filed a delayed application for leave to appeal this decision. The request was denied by the Michigan Court of Appeals on January 10, 2001. Young then filed an application for leave to appeal with the Michigan Supreme Court which was denied on July 30, 2001.

Young then filed his habeas corpus petition on July 30, 2002. The district court dismissed the petition as being barred by the one-year statute of limitations provided for in 28 U.S.C. § 2244(d). The district court granted Young a certificate of appealability on the sole issue of whether Young's petition is barred by the applicable one-year statute of limitations.

On appeal, Young asserts that he is entitled to equitable tolling as he actively pursued his appeal and that the state's misconduct by not allowing him transcripts prevented him from filing his habeas corpus petition within the applicable one-year statute of limitations.

This court reviews the district court's legal conclusions de novo and its factual findings for clear error. *Scott v. Elo,* 302 F.3d 598, 602 (6th Cir.2002).

█ Young's petition is barred by the applicable statute of limitations. The Michigan Supreme Court denied Young's application for leave to appeal in 1979. Young did not seek any state postconviction relief until he sought transcripts from the state trial court. These requests were denied in 1988 and 1989. The Michigan Court of Appeals affirmed the state trial court's decision in 1989. Ten years later, Young then filed his motion for relief from judgment with the state trial court. His motion was denied and the subsequent requests for appeals were denied in 2001 by the Michigan Court of Appeals and the Michigan Supreme Court.

The one-year statute of limitations provided for in § 2244(d) became effective on April 24, 1996. Prisoners whose convictions became final prior to this date were given a one-year grace period to file their federal habeas corpus petitions. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999). As Young failed to file his petition prior to this date, and no state postconviction or collateral review proceeding was pending during this time to toll the statute of limitations, Young's habeas corpus petition is barred by the one-year statute of limitations found in § 2244(d).

█ Although he recognizes that his petition was filed outside the applicable statute of limitations, Young contends that he is entitled to equitable tolling because he actively pursued his appeal and the state's refusal to provide him transcripts allowed the statute of limitations to pass. The following five factors are to be considered in determining the appropriateness in tolling a statute of limitations: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001).

Although Young contends that he is entitled to equitable tolling, he has not demonstrated that his ignorance of § 2244 between 1996 and 2001 was reasonable. Further, Young did not diligently pursue habeas corpus relief. Young sought transcripts from his trial ten years after his convictions became final, he then waited an additional ten years to seek postconviction trial relief with the state courts, and then waited an additional year after the conclusion of those proceedings to file his habeas

corpus petition. These actions do not demonstrate that Young timely pursued his request for habeas relief. As Young did not timely pursue his habeas corpus relief, he is not entitled to equitable tolling.

Finally, Young contends that the state's inability to provide him a transcript prevented him from filing his habeas corpus petition. However, Young has not shown how the lack of a trial transcript prevented him from filing his habeas corpus petition within the applicable statute of limitations.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.