**Michael C. PARKER, Petitioner–Appellant,**

**v.**

**Paul RENICO, Warden, Respondent–Appellee.**

No. 03–1590.

United States Court of Appeals, Sixth Circuit.

Decided June 18, 2004.

Rehearing Denied Aug. 19, 2004.

Michael C. Parker, St. Louis, MI, pro se.

Debra M. Gagliardi, Asst. Atty General, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

*ORDER*

Michael C. Parker, a Michigan prisoner proceeding pro se, appeals the district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, a jury convicted Parker of felony murder. The court sentenced him to life in prison without parole. The Michigan Court of Appeals affirmed the conviction and sentence, and the Michigan Supreme Court denied leave to appeal in February 1993. Parker filed a motion for relief from judgment in the trial court in September 1993. Due to several unusual events, including two remands by the Michigan Court of Appeals, the death of a trial judge assigned to the case, and a stroke suffered by Parker's attorney, appellate review of Parker's motion for relief from judgment did not conclude until May 25, 1999. On September 2, 1999, a Wayne County, Michigan, Circuit judge entered an order appointing another attorney to represent Parker on appeal. There was no appeal pending, but the order was made on a form that also served as a "Claim of Appeal." The Michigan Court of Appeals dismissed the appeal in October 1999, and the Michigan Supreme Court denied leave to appeal on August 22, 2000. Parker filed a second motion for relief from judgment

in March 2001. The trial court denied the motion the same month.

Parker filed his federal habeas petition in May 2001. The district court held that Parker's petition was untimely under the statute of limitations, *see* 28 U.S.C. § 2244(d), and that Parker was not entitled to equitable tolling. *Parker v. Renico,* No. 01–10224–BC, 2003 WL 1798073 (E.D.Mich. Apr.1, 2003). The district court denied Parker's motion for rehearing but granted him a certificate of appealability on the following issue: whether Parker was entitled to equitable tolling of the statute of limitations that would otherwise bar his application for the writ of habeas corpus.

On appeal, Parker argues that: (1) the district court failed to consider obstacles he faced in state court, before the district court granted him a certificate of appealability; (2) because he was justified in waiting for the "Claim of Appeal" to be litigated, equitable tolling would render his petition timely; (3) the "Claim of Appeal" was a properly filed application for state court relief; (4) the Michigan Court of Appeals erred by dismissing the "Claim of Appeal"; and (5) the district court erred in concluding that Parker's "Claim of Appeal" contained no federal constitutional issues. Parker has moved for the appointment of counsel.

We review de novo the dismissal of a habeas petition by the district court as barred by the statute of limitations. *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.), *cert. denied,* 537 U.S. 1091, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002). The district court's factual findings are reviewed for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). We apply the abuse of discretion standard to the district court's application of the doctrine of equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001).

Upon review, we conclude that the district court properly denied Parker's petition. The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year statute of limitations. For convictions imposed before the effective date of the AEDPA, the statute of limitations runs from April 24, 1996, to April 24, 1997. *See* 28 U.S.C. § 2244(d)(1); *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999). Courts exclude from computation any period of time during which a properly filed state post-conviction relief petition is pending. *See* § 2244(d)(2). In this case, Parker's first motion for relief from judgment tolled the limitations period until the conclusion of the time for seeking review by the United States Supreme Court, ninety days after May 25, 1999. *See Abela v. Martin,* 348 F.3d 164, 172–73 (6th Cir. 2003) (en banc), *cert. denied,* —— U.S. ——, 124 S.Ct. 2388, 158 L.Ed.2d 976 (2004). Parker's May 21, 2001, habeas petition was untimely because he filed it more than one year after the tolling period ended. Parker's second motion for relief from judgment, filed in March 2001, did not toll or restart the limitations period. *See McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir.2003). The "Claim of Appeal" initiated by the Wayne County Circuit Court did not toll the limitations period because it did not address any of the grounds of Parker's federal habeas petition. *See Austin,* 200 F.3d at 394.

The district court did not abuse its discretion when the court determined that Parker was not entitled to equitable tolling of the statute of limitations. *See Dunlap,* 250 F.3d at 1008. The district court took note of the unusual procedural history of Parker's state court litigation but concluded that Parker did not pursue his rights diligently. The court focused on the "Claim of Appeal" mistakenly filed by a trial court judge on September 2, 1999, and which was pending until August 22,

2000. The district court found that any confusion created by the erroneous "Claim of Appeal" was cleared up by October 20, 1999, when the Michigan Court of Appeals caught the mistake and dismissed the appeal, and Parker still had several months to file his habeas petition. Moreover, he allowed six months to elapse after the Michigan Supreme Court denied leave to appeal before he filed his second motion for relief from judgment in March 2001. The record supports the district court's conclusion that Parker was not diligent in pursuing his rights. *See Dunlap,* 250 F.3d at 1008.

We have considered Parker's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we deny the motion for the appointment of counsel and affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.