RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0394P (6th Cir.)
File Name: 01a0394p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JOSEPH L. VALENTINE,
    *Petitioner-Appellant,*

    *v.*

RODNEY FRANCIS, Warden,
    *Respondent-Appellee.*

No. 00-3660

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 98-00692—James L. Graham, District Judge.

Argued: August 8, 2001

Decided and Filed: November 8, 2001

Before: SUHRHEINRICH and SILER, Circuit Judges;
HOOD, District Judge.[*]

———————————

## COUNSEL

**ARGUED:** Kevin L. Fahey, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. M. Scott Criss, OFFICE OF

———————————

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee. **ON BRIEF:** Kevin L. Fahey, David H. Bodiker, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee.

————————

## OPINION

————————

SILER, Circuit Judge.    Petitioner Joseph L. Valentine appeals the district court's dismissal of his habeas corpus petition as time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).  We affirm.

### I.  BACKGROUND

In 1988, Valentine was convicted of murder with a firearm specification and sentenced to an aggregate term of eighteen years to life imprisonment.  He filed a timely notice of appeal with Ohio's Tenth District Court of Appeals, but his counsel failed to file an appellate brief.  After the time for filing a brief had expired, he filed a motion seeking an extension to file.  On August 11, 1988, the court of appeals dismissed Valentine's appeal *sua sponte* because Valentine failed to timely file an appellate brief.

On September 11, 1996, Valentine filed a *pro se* petition for post-conviction relief with the Ohio trial court, in which he alleged that he was denied the effective assistance of counsel.  On January 27, 1997, the trial court dismissed that petition as meritless, and Valentine did not appeal.  On March 4, 1997, Valentine, now represented by an Ohio public defender, filed an application to reopen his direct appeal with Ohio's Tenth District Court of Appeals.  The basis for his application was that his counsel's ineffectiveness, in not filing an appellate brief, had been the reason that his direct appeal

that the Ohio Supreme Court dismissed his application to reopen direct appeal.

We cannot consider this argument since a certificate of appealability did not issue for any (d)(1)(B) claim. The district court's order granting a COA states that its judgment dismissed Valentine's habeas petition as time-barred by the one-year statute of limitations. The COA order never references (d)(1)(B), meaning that this court's review is limited to the district court's judgment that Valentine's petition is untimely pursuant to (d)(1)(A). In fact, there is no evidence in the record that any (d)(1)(B) argument was ever raised before the district court. It appears that it is made for the first time here. Because no certificate of appealability issued for any (d)(1)(B) claim, this court cannot consider Valentine's (d)(1)(B) claim on appeal. *See* 28 U.S.C. § 2253(c).

**AFFIRMED.**

was previously dismissed. On May 15, 1997, the court denied Valentine's application to reopen his direct appeal on the ground that no good cause had been show for his substantial delay in seeking reopening. Valentine appealed the denial of his application to the Ohio Supreme Court, which, on September 3, 1997, dismissed his appeal without opinion.

On March 11, 1998, pursuant to 28 U.S.C. § 2254, Valentine filed a petition for a writ of habeas corpus in the Southern District of Ohio. The district court dismissed Valentine's habeas petition as time-barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1)(A). Valentine timely appealed and the district court issued a certificate of appealability ("COA").

## II.  STANDARD OF REVIEW

We review a district court's legal conclusions *de novo* and its findings of fact for clear error. *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000). Because Valentine's habeas petition was filed after the Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective, the provisions of that Act apply to his case. *See Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir. 2000).

## III.  DISCUSSION

Pursuant to AEDPA, a prisoner has one year from the completion of the direct review of his case to commence a collateral attack on his conviction. *See* 28 U.S.C. § 2244(d)(1)(A). Where that prisoner's state conviction became final prior to AEDPA's effective date, April 24, 1996, he has one year from April 24, 1996 to initiate a habeas action. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). The one-year limitation period, however, may be tolled: "The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In *Austin*, 200 F.3d at 395, this court stated that

"the purpose of tolling . . . is to provide the state courts with the first opportunity to resolve the prisoner's federal claim." Accordingly, this court adopted a rule that:

[A] state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review "with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Id.*

Valentine's conviction became final prior to AEDPA, meaning that the one-year statute of limitations for him to initiate a habeas action began to run on April 24, 1996. On September 11, 1996, Valentine filed his petition for post-conviction relief with the trial court, which was denied on January 27, 1997. In this petition, Valentine made two constitutional claims: 1) the prosecutor did not hand over material discovery, and 2) his trial counsel's failure to request discovery constituted ineffective assistance of counsel. Neither of these claims was raised in Valentine's habeas petition, where he alleged that he was denied: 1) effective assistance of appellate counsel in violation of his right to due process of law, as guaranteed by the Sixth and Fourteenth Amendments because his trial counsel (who became appellate counsel) failed to file an appellate brief, which led to the dismissal of his direct appeal, and 2) his right to appeal as guaranteed by the Equal Protection and Due Process Clauses of the Fourteenth Amendment because the Ohio Court of Appeals dismissed his appeal after his counsel neglected to file a brief. Pursuant to the rule articulated in *Austin*, Valentine's state post-conviction petition did not toll the statute of limitations because none of Valentine's habeas claims was raised in that petition. Thus, Valentine's deadline for filing a habeas petition, even assuming that his application to reopen his direct appeal tolled the statute of limitations, expired on November 23, 1997. Valentine's habeas petition was not filed until March 11, 1998. Accordingly, Valentine's

habeas petition was properly dismissed by the district court as untimely.

Valentine does not dispute the district court's calculation that, if his post-conviction petition did not toll AEDPA's statute of limitations for initiating a habeas action, his habeas petition was untimely. Rather, he asks this court to hold that *Austin* was incorrectly decided and, thus, that the filing of his post-conviction petition tolled the statute of limitations.

This court is precluded from overruling *Austin*. Pursuant to 6TH CIR. R. 206(c): "Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court." *Austin*, a published opinion, is binding on this panel. *See id; see also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (stating that pursuant to custom, tradition and Sixth Circuit rules, a panel's published decision is binding on subsequent panels unless an "inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision"). Therefore, *Austin* is controlling authority for this panel, as it was for the district court.

Alternatively, Valentine contends that the statute of limitations for filing a habeas action did not begin to run on April 24, 1996. Citing *Evitts v. Lucey*, 469 U.S. 387 (1985), he argues that, instead of dismissing his appeal outright, the state court of appeals should have punished his attorney for his failure to file an appellate brief. He further argues that the court's August 1988 dismissal of his appeal created an unconstitutional impediment that prevented him from filing a timely habeas action. Based upon this premise, Valentine contends that his counsel's ineffectiveness constituted state action and pursuant to 28 U.S.C. § 2244(d)(1)(B), the statute of limitations for his habeas action only began to run once that impediment was removed – September 1997, the date