**Lonnie James WHITE, Petitioner–Appellant,**

v.

**Bruce CURTIS, Respondent–Appellee.**

No. 01–1493.

United States Court of Appeals, Sixth Circuit.

July 26, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

### ORDER

Lonnie James White, a Michigan prisoner proceeding pro se, appeals the district court's order and judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White was convicted of second degree murder after a bench trial. He was sentenced on February 2, 1993, to 30 to 50 years in prison. The Michigan Court of Appeals affirmed his conviction after remand for a hearing regarding White's claim of ineffective assistance of counsel, and the Michigan Supreme Court denied

his application for leave to appeal on February 27, 1996, on the ground that it was not timely filed. On April 25, 1997, White filed a motion for relief from judgment which was finally denied on February 29, 2000.

White filed an initial habeas corpus petition on April 26, 2000, although the petition had been signed and dated on March 19, 2000. In an amended petition and supporting brief, White raised three grounds for relief: (1) his conviction was obtained in violation of due process and the *Brady* rule; (2) appellate counsel rendered ineffective assistance; and (3) newly-discovered evidence could establish his innocence. The respondent moved for summary judgment on the ground that White's petition was barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA).

The district court granted the defendant's motion for summary judgment in an order and judgment entered on February 14, 2001. The court found that, because White did not timely file his direct appeal to the Michigan Supreme Court, the 90-day time period in which he could have filed a petition for a writ of certiorari with the United States Supreme Court did not serve to delay the start of the limitations period. White's motion for reconsideration was denied. This court granted in part White's application for a certificate of appealability and ordered briefing on the sole issue of whether White's § 2254 petition is barred by the statute of limitations.

On appeal, White argues that his petition should not be barred by the statute of limitations because, *inter alia*, he timely delivered his appeal to the Michigan Supreme Court to the prison mail system. He also continues to argue the merits of his underlying grounds for relief, but those issues are not properly before the court at this time.

This court reviews a district court's legal conclusions in a habeas proceeding *de novo* and its findings of fact for clear error. *Ford v. Curtis,* 277 F.3d 806, 808 (6th Cir.2002). Upon careful consideration, we find that the district court did not err in its determination that White filed his § 2254 petition 18 days beyond the expiration of the one-year limitations period for such actions. Nonetheless, we further conclude that the district court erred in ruling that White was not entitled to equitable tolling.

Pursuant to AEDPA, a prisoner has one year from the date the direct review of his criminal conviction becomes final to file a habeas corpus action challenging that conviction. *Valentine v. Francis,* 270 F.3d 1032, 1034 (6th Cir.2001), *petition for cert. filed* (U.S. Apr. 8, 2002) (No. 01-9696). If the prisoner's conviction became final prior to April 24, 1996, the effective date of AEDPA, he had one year, or until April 24, 1997, to commence his habeas action. *Id.* A conviction generally becomes final, and the limitations period begins to run, after the expiration of the ninety-day time period for filing a petition for a writ of certiorari with the United States Supreme Court. *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000).

White argues that his conviction became final on May 14, 1996, ninety days after the Michigan Supreme Court rejected his delayed application for leave to appeal. This would give him until May 14, 1997, to file his § 2254 petition. However, because White also filed a state motion for relief from judgment on April 25, 1997, he argues that the limitations period was tolled from that date until the motion was finally denied by the Michigan Supreme Court on February 29, 2000. *See* 28 U.S.C. § 2244(d)(2); *Valentine,* 270 F.3d at 1034. White's federal habeas petition was signed on March 19, 2000, and, under this scenario, would have been timely.

The district court found that White's conviction became final, however, on December 14, 1995, when the Michigan Court of Appeals affirmed the trial court's denial of White's motion for a new trial on the grounds of ineffective assistance of counsel. Although White attempted to file an application for leave to appeal to the Michigan Supreme Court, the application was rejected as untimely because it was received by that court on February 9, 1996, one day beyond the 56 days permitted for appeal. The respondent does not dispute White's assertion that he delivered his appeal to prison authorities on February 6, 1996; instead, the respondent points out that Michigan has not adopted a "mailbox rule" similar to that adopted by the federal courts pursuant to *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

Even if it is assumed, however, that the Michigan Supreme Court's rejection of White's appeal as untimely would divest the U.S. Supreme Court of jurisdiction over a petition for a writ of certiorari, thus precluding the addition of ninety days to White's limitations period, the district court should have considered the merits of White's habeas petition under the doctrine of equitable tolling.

This court has joined other circuits in finding that the one-year statute of limitations established for § 2254 and § 2255 cases by AEDPA is subject to equitable tolling. *See Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). The district court's decision not to apply equitable tolling to a case where the determinative facts are undisputed is reviewed *de novo. Id.* at 1007. For the purpose of determining whether AEDPA's statute of limitations should be tolled in a given case, we have adopted the equitable tolling test already set forth in *Andrews v.*

*Orr,* 851 F.2d 146 (6th Cir.1988). Pursuant to *Andrews,* a court should consider five factors when determining the appropriateness of equitably tolling a statute of limitations:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008.

The district court did not address these factors, but considered the question of equitable tolling in relation to White's claim of newly-discovered evidence, which is actually an argument for a different commencement date for the limitations period. *See* 28 U.S.C. § 2244(d)(1)(D). In the absence of undisputed facts, we address the *Andrews* factors instead of remanding the case to the district court to consider them in the first instance.

Three of the factors to be considered relate to the petitioner's lack of either actual or constructive knowledge of the filing requirement. In this case, White does not claim ignorance of the filing requirement; he claims that he reasonably thought he met that requirement. Indeed, if prison officials had delivered his appeal one day earlier, or if Michigan had adopted the federal "mailbox rule," White's appeal to the Michigan Supreme Court would have been timely and there would have been no question but that his § 2254 petition would also have been timely.

The second factor is diligence in pursuing one's rights. While it can be argued that White should not have "cut it so close" in his direct appeal to the Michigan Supreme Court, this is not a case where a prisoner simply sat on his rights and did nothing.

The final factor is absence of prejudice to the respondent. The respondent in this case does not argue prejudice and the time periods involved in this case do not render White's conviction so remote that the state would be obviously disadvantaged in responding to the merits of White's petition.

For these reasons, as well as the apparent justice in granting a state appellant the equitable benefit of the federally-accepted "mailbox rule" for purposes of tolling a federal statute of limitations, we conclude that the statute of limitations should be equitably tolled in this case.

Accordingly, we vacate the district court's judgment and remand the case for proceedings on the merits. Rule 34(j)(2)(C), Rules of the Sixth Circuit.