Charles Anthony BROWN, Petitioner,

v.

Sherry BURT, Respondent.

No. 02–CV–70351–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 9, 2002.

Charles Brown, Kincheloe, MI, Pro se.

Brenda E. Turner, Janet Van Cleve, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent.

## OPINION AND ORDER DENYING RESPONDENT'S DISPOSITIVE MOTION AND REQUIRING AN ANSWER TO THE HABEAS PETITION

TARNOW, District Judge.

This matter is pending before the Court on petitioner Charles Anthony Brown's *pro se* habeas corpus petition under 28 U.S.C. § 2254 and respondent Sherry Burt's motion for summary disposition and dismissal of the habeas petition. The Court has concluded for the reasons given below that Respondent's motion must be denied.

### I. Background

Petitioner was convicted on March 17, 1995, of armed robbery, MICH.COMP.LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH.COMP. LAWS § 750.227b. He subsequently pleaded guilty to being a habitual offender, third offense, Mich.Comp.Laws § 769.11. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by twenty-five to fifty years for the armed robbery. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished, *per curiam* opinion. *See People v. Brown,* No. 186300, 1997 WL 33354572 (Mich.Ct.App. Jan. 14, 1997). On November 25, 1997, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Brown,* 456 Mich. 897, 572 N.W.2d 4 (1997).

On August 7, 1998, Petitioner filed a motion for relief from judgment. He alleged that the trial court abused its discretion by not giving a jury instruction on addict informers and that the prosecution failed to prove its case because the accomplice's testimony was not corroborated. The trial court denied Petitioner's motion, and the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Brown,* No. 219664 (Mich.Ct. App. Apr. 25, 2000). On November 29, 2000, the Michigan Supreme Court denied leave to appeal on the ground that Petitioner had failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Brown,* 463 Mich. 919, 619 N.W.2d 545 (2000).

Petitioner alleges that he filed a second motion for relief from judgment on March 7, 2001. He asserted that he was innocent and that the prosecution failed to establish sufficient evidence to support the armed robbery conviction. The trial court denied Petitioner's motion, and the Michigan Court of Appeals dismissed Petitioner's

appeal for lack of jurisdiction. The court of appeals stated that

> the March 21, 2001 order denying appellant's motion for relief from judgment under MCR 6.500 *et seq.* stems from appellant's second such motion since 1995 in violation of MCR 6.502(G)(1). The exceptions to this rule found in MCR 6.502(G)(2) are inapplicable as appellant failed to allege or show their applicability.

*People v. Brown,* No. 233509 (Mich.Ct. App. July 19, 2001).

On December 21, 2001, the Michigan Supreme Court denied leave to appeal on the grounds that Petitioner's motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G) and that he had failed to demonstrate an exception to that rule. *See People v. Brown,* —— Mich. ——, 638 N.W.2d 752 (2001).

On January 24, 2002, Petitioner signed and dated his habeas corpus petition, which asserts four grounds for relief. Respondent argues in her motion that the Court should dismiss the habeas petition, because it was not filed within the statute of limitations.

## II. *Discussion*

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). At issue here is the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA"). The one-year period of limitation runs from the latest of—

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

■ Petitioner is not relying on a new constitutional right or newly discovered evidence, and he has not alleged that a state-created impediment prevented him from filing his habeas petition sooner. Therefore, he had "one year from the completion of the direct review of his case to commence a collateral attack on his conviction." *Valentine v. Francis,* 270 F.3d 1032, 1034 (6th Cir.2001) (citing 28 U.S.C. § 2244(d)(1)(A)), *cert. denied,* —— U.S. ——, 122 S.Ct. 2626, 153 L.Ed.2d 808 (2002). A judgment of conviction becomes final, and the one-year statute of limitations begins to run, when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari. Sup.Ct.R. 13." *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000) (footnote omitted).

■ Petitioner's conviction became final on February 23, 1998, when the ninety-day period expired for seeking a writ of certiorari in the United States Supreme Court. The period of limitation began to run on the following day. Fed.R.Civ P. 6(a); *Bronaugh,* 235 F.3d at 285. It stopped run-

ning a little over five months later when Petitioner filed his first motion for relief from judgment. The limitation period was tolled until the motion achieved final resolution in the Michigan Supreme Court on November 29, 2000. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002).[1]

About three months later, on March 7, 2001, Petitioner filed his second motion for relief from judgment. The period of limitation was tolled while Petitioner's second post-conviction motion was under consideration in state court. 28 U.S.C. § 2244(d)(2); *Carey,* 536 U.S. at ——, 122 S.Ct. at 2138. It resumed running after the Michigan Supreme Court issued its order on December 21, 2001, and it stopped running for the last time when Petitioner filed his habeas corpus petition a month later on January 24, 2002.[2]

■ Respondent contends that the statute was not tolled while Petitioner's second motion for relief from judgment was pending in state court because the motion was not "properly filed." Specifically, alleges Respondent, the motion was barred by Michigan Court Rule 6.502, which permits defendants to file only one motion for relief from judgment after August 1, 1995.[3]

Although the state appellate courts denied leave to appeal because Petitioner's second motion for relief from judgment was a successive motion, a post-conviction motion is "properly filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (footnote omitted).

> Under *Artuz,* ... the fact that a motion is successive does not render it improperly filed.... Quite simply, the fact that a petition is successive does not mean that its delivery and acceptance failed to comply with applicable rules governing such matters as form, time limit, delivery location, and fees. *See Artuz,* 531 U.S. at 8, 121 S.Ct. 361. A successive petition can thus toll the statute of limitations.

*Drew v. Dep't of Corrections,* 297 F.3d 1278, 1284 (11th Cir.2002); *see also Snow v. Ault,* 238 F.3d 1033, 1035 (8th Cir.) (concluding from *Artuz* that a motion was "properly filed" even if it was subject to

---

1. Section "2244(d)(2) does not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief." *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000), *cert. denied,* 531 U.S. 1201, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001).

2. The Court deems the habeas petition "filed" on the date that Petitioner signed it and presumably gave it to prison officials for mailing to the Clerk of Court. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (concluding that the prisoner's notice of appeal was "filed" at the time he delivered it to prison officials for forward-

ing to the court clerk); *see also Marsh v. Soares,* 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) (stating that "[l]iberal application of the mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), causes [the Court] to treat the petition as placed in the hands of prison authorities on the same day it was signed"), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001).

3. An exception may be made for (1) retroactive changes in the law that occurred after the first motion for relief from judgment or (2) a claim of new evidence that was not discovered before the first motion. Mich.Ct.R. 6.502(G)(1).

dismissal as a successive motion under Iowa law), *cert. denied,* 532 U.S. 998, 121 S.Ct. 1663, 149 L.Ed.2d 644 (2001). Accordingly, Respondent's argument is precluded by *Artuz.*

### III. *Conclusion*

The period of limitation ran for a total of about nine months: a little over five months between February 23, 1998, and August 7, 1998; about three months between November 29, 2000, and March 7, 2001; and about one month between December 21, 2001, and January 24, 2002. Because the one-year statute of limitations was not violated, Respondent is not entitled to summary judgment as a matter of law, and his motion for summary disposition and for dismissal is **DENIED.** Respondent shall file an answer to the habeas petition and any state court materials needed to adjudicate the issues within **twenty-one days** of this order.