Matthew WILLIAMS, Petitioner–Appellant,

v.

Dennis STRAUB, Respondent–Appellee.

No. 01–2037.

United States Court of Appeals, Sixth Circuit.

Feb. 25, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

### ORDER

Matthew George Williams appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

In 1995, Williams pleaded no contest to solicitation to commit premeditated murder and was sentenced to fifteen to thirty years of imprisonment. However, Williams withdrew his plea and, following a jury trial in the Macomb County Circuit Court in 1997, was convicted of solicitation to commit premeditated murder. Williams then was sentenced to twenty to sixty years of imprisonment. The Michigan Court of Appeals affirmed the conviction and sentence, *People v. Williams,* No. 200978, 1998 WL 1988421 (Mich.Ct.App. Dec.18, 1998), and the Michigan Supreme Court denied leave to appeal. *People v. Williams,* 461 Mich. 874, 603 N.W.2d 268 (Mich.1999) (table).

Next, Williams filed his federal habeas corpus petition in the district court asserting ten grounds for relief. The state responded in opposition to the petition, and Williams submitted a reply. The district court denied the petition as meritless, and Williams filed a motion for reconsideration. The district court denied Williams's motion for reconsideration, but reconsidered the judgment and granted Williams a certificate of appealability only with respect to his claim that the prosecution violated his constitutional rights when it introduced evidence of his post-arrest silence during its case in chief. Williams filed a timely notice of appeal, and this court denied Williams a certificate of appealability with respect to the claims not certified by the district court.

On appeal, Williams reiterates his claim that the prosecution violated his constitutional rights and has also addressed a claim that his increased sentence following the withdrawal of his initial no contest plea was vindictive. The state responds that Williams's only remaining claim is not cognizable in habeas corpus because the state court of appeals rejected the claim in a decision that was not unreasonable. Upon de novo review, *see Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we will affirm the judgment because the error at issue, that Williams's silence impermissibly was used against him in the prosecution's case in chief, if error at all, was harmless under the circumstances of this case. *See Brecht v. Abrahamson,* 507 U.S. 619, 622–23, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Williams's claim on appeal that his increased sentence was vindictive will not be addressed because no certificate of appealability was issued for this claim. *See Valentine v. Francis,* 270 F.3d 1032, 1035 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2626, 153 L.Ed.2d 808 (2002).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.