NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0069n.06

No. 10-5833

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 19, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ERIC M. COUSIN, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COOK, WHITE, and DONALD, Circuit Judges

PER CURIAM. Eric Cousin, who has entered a conditional guilty plea to federal drug and firearm charges, appeals the district court's order denying his motion to suppress. Cousin argues that the district court should have permitted an evidentiary hearing to determine whether the underlying traffic stop resulted from racial profiling in violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. We unanimously agree that this appeal would not benefit from oral argument. Fed. R. App. P. 34(a). After reviewing the record, the parties' briefs, and the applicable law, we agree with the district court that our recent decision in *United States v. Nichols* controls and precludes application of the exclusionary rule to Cousin's equal protection claim. 512 F.3d 789, 794–95 (6th Cir. 2008) (declining to apply the exclusionary rule to a suppression motion predicated on the officer's alleged use of racial profiling), *overruled on other grounds as recognized in United*

*States v. Buford*, 632 F.3d 264, 269 (6th Cir. 2011). Cousin's challenge to the stop under the 4th

Amendment was rejected and he does not challenge that determination. Thus, the exclusionary rule

does not apply. Under *Nichols*, "the proper remedy for any [criminal defendant's equal protection]

violation is a 42 U.S.C. § 1983 action against the offending officers." *Id.* at 794. Cousin asks the

court to overrule *Nichols*, but we cannot do so in the absence of an intervening change in law or en

banc review. *See, e.g.*, 6 Cir. R. 206; *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001).

We therefore AFFIRM the district court's judgment.