NOT RECOMMENDED FOR PUBLICATION
File Name: 13a0867n.06

FILED

OCT 4, 2013

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| FRANKLIN BAQUEDANO, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | OPINION |

Before: ROGERS, GRIFFIN, and DONALD, Circuit Judges.

**BERNICE B. DONALD, Circuit Judge.** Defendant-Appellant Franklin Baquedano appeals
an order of the United States District Court for the Eastern District of Michigan imposing a nineteen-
year prison term because the district court allegedly violated his Sixth Amendment right to a trial
by jury when it considered acquitted conduct in determining his sentence. Because *United States
v. White*, 551 F.3d 381 (6th Cir. 2008) (en banc) controls, we AFFIRM Baquedano's sentence.

Baquedano was originally charged in a related case with Conspiracy to Travel in Interstate
Commerce to Commit Murder and Use of a Firearm in a Crime of Violence or Drug Trafficking
Offense Causing Death. *See United States v. Sierra-Rodriguez, et al.*, E.D. Mich. No. 2:10-cr-
20338. In that case, the government asserted that Baquedano facilitated his co-defendant Enrique
Amaya's hiring another co-defendant, Franklin Gonzalo Sierra-Rodriguez, to kill Joaquin Lucero-

Carillo, a cocaine supplier in Colorado to whom Amaya was hopelessly in debt. Sierra-Rodriguez did, in fact, travel to Colorado, obtain a pistol from yet another co-defendant, and kill Lucero-Carillo. At trial, Baquedano testified in his own defense that he believed Sierra-Rodriguez was a drug courier—not a hit man—and that he thought Sierra-Rodriguez was merely going to pick up cocaine for Amaya. Although the jury convicted Amaya of drug trafficking and drug-related murder charges, Baquedano was acquitted. Based on the underlying facts in that case and Baquedano's testimony in that trial, the government brought an information charging Baquedano with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On August 24, 2012, Baquedano pleaded guilty to this information. In sentencing Baquedano, the district court applied the cross-reference section of the controlled substance guidelines, USSG § 2D1.1(d)(1), to find that Baquedano's offense involved a killing that would constitute a first-degree murder. Although Baquedano's plea agreement stated that the court would find all sentencing factors by a preponderance of the evidence, in his sentencing hearing Baquedano argued that the standard should be, at minimum, clear and convincing evidence. The district court acknowledged that precedent commands a preponderance standard but nonetheless found that even clear and convincing evidence existed. Adopting the Presentence Report, the district court imposed a seventeen-level increase from a base offense level of 26 to set Baquedano's offense level at 43 and then awarded a three-level downward adjustment for acceptance of responsibility for a final total offense level of 40. Based on this level and his criminal history category, Baquedano's guideline

range could have been 292-365 months, but the statutory maximum for possession with intent to distribute cocaine is 240 months (twenty years). The district court sentenced Baquedano to 228 months (nineteen years) of imprisonment.

On appeal Baquedano argues that enhancing the presumptive range of an offender's sentence by considering acquitted conduct as relevant conduct—even if the punishment is within the maximum permitted by the offense—violates the Sixth Amendment by disregarding the jury's decision. Our decision in *United States v. White*, 551 F.3d 381 (6th Cir. 2008) (en banc) states otherwise. In *White*, we held that a district court does not violate the Sixth Amendment when it considers acquitted conduct to determine an advisory guidelines range so long as the sentence imposed does not exceed the maximum authorized by the statute for the offense of conviction. *Id.* at 384-85. *White* is both directly on point and binding. Consequently, Baquedano's appeal fails.

Although Baquedano purports to acknowledge *White*'s holding, the main thrust of his brief is that *White* was incorrectly decided. *White* binds us absent intervening Supreme Court precedent or another decision by this Court sitting en banc. *See, e.g., Nat'l Union Fire Ins. v. VP Bldgs., Inc.*, 606 F.3d 835, 839-40 (6th Cir. 2010); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001); *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996).

Accordingly, we AFFIRM the district court's imposition of Baquedano's 228-month sentence.