*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0049P (6th Cir.)
File Name: 04a0049p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

EVERETT WALKER,
　　*Petitioner-Appellant,*

　　　*v.*

DAVID SMITH, Warden,
　　*Respondent-Appellee.*

No. 03-1611

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-73007—Robert H. Cleland, District Judge.

Submitted: January 29, 2004

Decided and Filed: February 13, 2004

Before: MARTIN and MOORE, Circuit Judges; WEBER,
District Judge.*

———————

**COUNSEL**

**ON BRIEF:** Debra M. Gagliardi, OFFICE OF THE
ATTORNEY GENERAL, HABEAS CORPUS DIVISION,

———————

* The Honorable Herman J. Weber, United States District Judge for
the Southern District of Ohio, sitting by designation.

Lansing, Michigan, for Appellee. Everett Walker, New
Haven, Michigan, pro se.

———————

**OPINION**

———————

BOYCE F. MARTIN, JR., Circuit Judge. Everett Walker,
a Michigan state prisoner proceeding without the benefit of
counsel, appeals the district court's dismissal of his habeas
petition as untimely filed under 28 U.S.C. § 2244(d). This
case was referred to a panel of this Court pursuant to Rule
34(j)(1) of the Rules of the Sixth Circuit. Upon examination,
this panel unanimously agrees that oral argument is not
needed. FED. R. APP. P. 34(a).

In May 1991, a jury found Walker guilty of assault with
intent to commit murder. Accordingly, Walker was sentenced
to a twenty to forty year term of imprisonment, which was to
run consecutively to a sentence that he was serving at the time
of the instant offense. The Michigan Court of Appeals
affirmed Walker's conviction on October 21, 1994, and the
Michigan Supreme Court denied Walker's application for
leave to appeal on May 30, 1995.

On May 18, 2000, Walker filed a motion for post-
conviction relief from judgment alleging, among other things,
that his sentence was invalid because it was based upon
inaccurate findings in a court-ordered psychiatric report that
he was unable to refute because the sentencing court failed to
disclose its content prior to sentencing. The motion was
denied on August 23, 2000, and the Michigan Court of
Appeals denied leave to appeal pursuant to Michigan Court
Rule 6.508(D). On May 31, 2002, the Michigan Supreme
Court likewise denied Walker's application for leave to
appeal.

On June 5, 2002, Walker petitioned for habeas corpus relief to the United States District Court for the Eastern District of Michigan. Walker's petition alleged: (1) that his sentence was invalid because it was based upon erroneous information contained in the court-ordered psychiatric report; (2) he was entitled to resentencing because the trial court failed to disclose the psychiatric report; (3) that by not disclosing the psychiatric report, the trial court violated his right to allocution; (4) that he should be resentenced by a different judge; and (5) that his motion for relief satisfied the "good cause and actual prejudice" requirements of Michigan Court Rule 6.508(D).

On April 18, 2003, the district court held, pursuant to 28 U.S.C. § 2244(d), that Walker's habeas corpus petition was untimely filed. Thereafter, Walker filed a motion for reconsideration and a request for a certificate of appealability. On June 11, 2003, the district court denied the motion for reconsideration, but issued a certificate of appealability on the following issue: "Whether [Walker's] habeas petition was barred from substantive review pursuant to the statute of limitations, 28 U.S.C. 2244(d)."

On appeal, Walker argues that the district court erred in finding his habeas corpus petition untimely, because he was entitled to tolling under 28 U.S.C. § 2244(d). We review de novo a district court's determination that a habeas corpus petition was untimely filed. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Because Walker's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, our review is governed by the Act. *Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir. 2003). Upon review, we find that the district court erred in finding Walker's habeas corpus petition untimely.

Under the Antiterrorism and Effective Death Penalty Act, a state prisoner has one year from the conclusion of the prisoner's state proceedings in which to file a petition for habeas corpus relief. *Cook*, 295 F.3d at 519; 28 U.S.C.

§ 2244(d)(1). Prisoners whose state appeals concluded by direct review prior to the effective date of the Act are afforded a one-year grace period–until April 24, 1997–in which to file for federal habeas relief. *Id.* However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2).

Properly construed, Walker challenges the district court's conclusion that he failed to "properly file" a motion for post-conviction relief for purposes of tolling under section 2244(d)(2). Walker alleged that he filed a motion for post-conviction relief to correct his sentence twice in 1995 and once in 1996, but his motion never appeared on the court's docket sheets. However, Walker's exhibits demonstrate that one of his 1995 motions was stamped as received by the state court on August 2, 1995. Warden Smith argued, and apparently the district court agreed, that because this motion never appeared on the state court's docket sheets, Walker could not prove that it was filed, much less "properly filed" for section 2244(d)(2) purposes. We find this argument unsupported by the record.

"An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Although the state court's docket sheet does not reflect that Walker filed a motion for post-conviction relief in 1995, we do not find this fact determinative in this case.

Although the motion does not appear on the state court docket sheet, the record demonstrates that Walker did properly file a motion for post-conviction relief in 1995, because the state court decided the merits of that motion on March 28, 2003. The district court found that the state court's

March 28, 2003, order must have addressed the merits of "some motion other that [Walker's] motions to correct [his] sentence," because it was titled a "motion for relief for judgment." We conclude otherwise.

The record illustrates that on February 4, 2003, the state court ordered the prosecution to respond to Walker's "motion for relief from judgment." The state docket sheet, however, does not demonstrate that there was an outstanding motion before the court. On March 18, 2003, the state prosecution responded to the court's order and filed an "Answer in Opposition to Defendant's Motion for Relief From Judgment." Although the state prosecution titled its response as a response to Walker's motion for relief from judgment it becomes clear upon comparison that the state prosecution was responding to Walker's motion to correct his sentence. Indeed, the arguments that Walker made in his motion to correct his sentence paralleled the arguments that the state prosecution asserted to defeat Walker's "motion for relief from judgment." Thus, we find that although the state court changed the title of Walker's motion to a motion for relief from judgment, its March 28, 2003, order actually decided Walker's motion to correct his sentence. Our determination that the state court decided Walker's motion to correct his sentence compels the conclusion that Walker "properly filed" a motion for post-conviction relief under 28 U.S.C. § 2244(d). Indeed, it would be dubious to suggest that Walker never properly filed a motion for post-conviction relief when the state court actually decided, albeit belatedly, the merits of that motion.[1]

---

[1]Although not argued by Smith, we do not find the fact that Walker filed a "Motion to Withdraw The Motion To Correct Sentence," determinative of our decision for two reasons. J.A. 403. First, we see no evidence in the record to suggest that the state court ruled on this motion. Second, though not artfully pleaded, we interpret this motion not as an attempt to actually have the state court withdraw said motion, but rather we find that the intent of this motion was either to change the title of the original motion to conform with the state court's modification of it or to

Notably, no party has addressed the fact that Walker's motion to correct his sentence raised only state law based grounds for relief. Given the parties' silence, we do not address the implication of this fact on the tolling provisions of the Antiterrorism and Effective Death Penalty Act, *see Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999); *but see Cowherd v. Million*, 80 Fed. Appx. 415 (6th Cir. 2003), *vacated and reh'g en banc granted* January 12, 2004, nor do we address whether Warden Smith in failing to raise this argument before the district court and our Court has now waived the right to argue this issue.

Thus, for the foregoing reasons, we REVERSE the district court's decision that Walker never properly filed a motion for post-conviction relief, and REMAND the case to the district court for consideration of the record as a whole.

---

notify the court of its own mistake in titling the motion. We believe that our interpretation is in perfect accord with the intention of Walker, a prisoner proceeding without the benefit of counsel.