**Naim Muhammad ABDUR–RASHEED, Defendant–Appellant,**

v.

**Kurt JONES, Warden, Plaintiff–Appellee.**

No. 02–1932.

United States Court of Appeals, Sixth Circuit.

April 20, 2004.

Rubina S. Mustafa, Detroit, MI, for Petitioner-Appellant.

Jerrold E. Schrotenboer, Jackson, MI, Brenda E. Turner, Lansing, MI, for Respondent-Appellee.

Before MARTIN, CLAY and CUDAHY,* Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.

Naim Muhammad Abdur–Rasheed appeals the district court's denial of his petition for a writ of habeas corpus following his jury conviction for first-degree murder. For the reasons that follow, we AFFIRM the judgment of the district court.

The facts relevant to this appeal are as follows. Latoya Bell, who disliked her sister's boyfriend, Bobby Rydell Miles, frequently remarked that she "wanted something done to Miles." Bell testified she told Abdur–Rasheed and his uncle, Bill Leonard, that Miles had pointed a gun at her and had broken into her mother's home. Bell testified that in response, Abdur–Rasheed stated that Miles "needed his butt kicked, and that he was going to kick his butt." Apparently, Abdur–Rasheed, Leonard and Bell discussed plans to "beat up" Miles.

On December 16, 1996, Bell traveled with Abdur–Rasheed and Leonard to Jackson, Michigan, where her sister, mother and Miles lived. At one point during that night, Bell observed Leonard carrying a baseball bat. Later, Bell observed Abdur–Rasheed chase Miles down the street. As Bell was leaving her uncle's home, Leonard and Abdur–Rasheed drove by and asked her to get into the vehicle. Bell testified that while in the vehicle, Abdur–Rasheed admitted to hitting Miles on the head with a baseball bat. The next morning, Bell learned that Miles was dead.

Abdur–Rasheed was charged with first-degree murder, convicted by a jury and sentenced to life imprisonment without the possibility of parole. Bell served as a crucial prosecution witness in securing Abdur–Rasheed's conviction. At the time of Abdur–Rasheed's trial, the state had not yet charged Bell for her role in the crime. Bell testified, however, that the prosecution had not offered her any deals or promised leniency in exchange for her testimony against Abdur–Rasheed and that she fully understood that she could be charged for her role in the murder of Miles at a later date. Abdur–Rasheed's conviction was affirmed on direct appeal. Thereafter, Abdur–Rasheed filed a petition seeking a writ of habeas corpus on several grounds including a claim that the prosecution had misled the jury into believing that Bell had no expectation of leniency for

---

* The Honorable Richard D. Cudahy, Circuit Judge for United States Court of Appeals for the Seventh Circuit, sitting by designation.

her testimony against him in violation of his due process rights. *See Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The district court denied the writ of habeas corpus, but nonetheless issued a certificate of appealability on the *Brady* violation issue. This timely appeal followed.

Because this appeal was presented after the effective date of the Antiterrorism and Effective Death Penalty Act, this case is governed by the Act's provisions. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Walker v. Smith,* 360 F.3d 561, 563 (6th Cir.2004). Thus, unless the decision was contrary to or an unreasonable application of clearly established Supreme Court precedent or resulted from an unreasonable determination of the facts, we must deny Abdur–Rasheed's petition for a writ of habeas corpus. *Mason v. Mitchell,* 320 F.3d 604, 613–14 (6th Cir.2003).

On appeal, Abdur–Rasheed reasserts his argument that the prosecution violated *Brady* and his due process rights by failing to correct Bell's false testimony that she expected no leniency in exchange for her testimony and that the prosecution had made no promises of leniency to secure her favorable testimony. The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'rudimentary demands of justice.'" *Gigilo,* 405 U.S. at 153, 92 S.Ct. 763. Thus, under *Brady,* the prosecution has a duty to disclose material, exculpatory evidence. 373 U.S. at 87, 83 S.Ct. 1194. "Exculpatory evidence includes evidence regarding the reliability of a witness. Failure to disclose such evidence is material where the evidence creates a reasonable probability of a different result." *Williams v. Coyle,* 260 F.3d 684, 707 (6th Cir.2001) (internal citations omitted).

Upon our searching review of the record, we are convinced that the district court did not err in concluding that Abdur–Rasheed presented insufficient evidence to support his claim. First, the fact that Bell was later charged with conspiracy to assault with intent to do great bodily harm less than murder, rather than with first-degree murder, is not evidence that the prosecution had earlier-prior to her trial testimony-offered Bell leniency in exchange for her testimony against Abdur–Rasheed. *See id.* Second, Abdur–Rasheed points to the fact that Leonard was charged with first-degree murder only after the prosecution learned that he authored a letter which indicated that he may not testify favorable to the prosecution's position. Abdur–Rasheed argues that this is evidence that Bell had a strong motivation to cooperate with the prosecution and testify against Abdur–Rasheed because Bell, seeing what happened to Leonard, believed that she would be treated leniently if she continued to cooperate. Abdur–Rasheed, however, has failed to point to any evidence that Bell was actually aware of what occurred with Leonard, More importantly, this information likewise fails to demonstrate that an actual promise of leniency existed between Bell and the prosecution.

Because we find that there is simply no evidence of any deal of leniency between the prosecution and Bell, we consequently conclude that the prosecution owed no duty to correct Bell's testimony that she had no expectation of leniency. Accordingly, we AFFIRM the district court's denial of habeas relief.