NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0505n.06

No. 06-6317

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 22, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOSEPH HOUGH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| HOWARD CARLTON, Warden, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: MERRITT, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Plaintiff Joseph Hough appeals the district court's dismissal, on limitations grounds, of his habeas petition under 28 U.S.C § 2254. We vacate and remand.

I.

In May 1995, Hough was convicted of drug offenses in Greene County, Tennessee Criminal Court, and sentenced to 12 years' imprisonment. Although the Tennessee court rules required Hough's notice of appeal to be filed with the court of appeals, Hough's attorney, who has since died, filed the notice with the trial court. Consequently, his appeal never proceeded. Meanwhile, Hough served a 90-day "boot camp" and was released on probation. His probation was revoked in 1998, however, and Hough began to serve his prison term for the 1995 offense.

On February 14, 2001, proceeding *pro se*, Hough filed a petition for state habeas relief in the Greene County Criminal Court, based on his counsel's alleged ineffectiveness for failing to pursue his direct appeal. The court was apparently unaware of Hough's 1995 notice of appeal, and dismissed his petition as time-barred. The Tennessee Court of Criminal Appeals affirmed.

Several years later, the State discovered Hough's original notice of appeal, and moved to dismiss the appeal for failure to prosecute. On January 13, 2004, the Court of Criminal Appeals granted the motion and dismissed Hough's direct appeal. About a month later, on February 24, 2004, Hough filed a motion in the Greene County Criminal Court to "re-open" his February 2001 state habeas proceedings. That court denied the motion as untimely, and the Court of Criminal Appeals thereafter affirmed. On October 7, 2004, Hough filed another petition for state habeas relief in the Greene County Criminal Court (the "October 2004 petition"). That petition was Hough's first after the Court of Criminal Appeals' dismissal of his putative direct appeal. The record before our court does not indicate what happened to the petition.

On August 9, 2005, still proceeding *pro se*, Hough petitioned the federal district court for habeas relief. The court dismissed Hough's petition as untimely, and declined to issue a Certificate of Appealability (COA). On September 19, 2006, Hough filed motions asking the district court to alter or amend its judgment and to reconsider its denial of a COA. On October 11, 2006, Hough filed with the district court a document entitled, "Notice of Appeal—Certificate of Appealability." To that document was attached a time-stamped copy of Hough's October 2004 petition. More than three months later, on January 23, 2007, the district court denied Hough's motion to alter its

judgment. But the court did change course as to the COA, and decide to issue one, noting the case's "atypical procedural history[.]"

This appeal, for which we granted Hough's request to appoint him counsel, followed.

## II.

The issue before us, as certified by the district court, is simply "whether [Hough's] petition was barred by the statute of limitations in 28 U.S.C. § 2244." State's Br. at 1. "We review *de novo* a district court's determination that a habeas corpus petition was untimely filed." *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004).

Hough filed his petition after the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective, so that Act governs our review. *Id*. AEDPA imposes a one-year limitations period during which state prisoners may petition for habeas relief. 28 U.S.C. § 2244(d). The period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id*. § 2244(d)(1)(A). Here, the parties agree that Hough's limitations period under AEDPA commenced on March 15, 2004, which was the last day on which he could have asked the Tennessee Supreme Court to review the Tennessee Court of Criminal Appeals' dismissal of his direct appeal. Absent tolling, therefore, Hough's limitations period ran from March 15, 2004 to March 14, 2005; in which event his August 9, 2005 federal habeas petition was untimely by 148 days.

But on October 7, 2004—206 days into his 365-day period—Hough filed a petition in the Greene County Criminal Court for *state* habeas relief. That petition appears to have been timely filed, *see* Tenn. Code Ann. § 40-30-102(a) (West 2008), given the State's concession that Hough's

conviction became final on March 15, 2004. And under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count against the limitations period. 28 U.S.C. § 2244(d)(2). Thus, if Hough's October 2004 petition was pending for at least 148 days (i.e., until March 3, 2005) before the state court disposed of it, then Hough's August 9, 2005 federal habeas petition would appear to have been timely filed. Alternatively, if the state court did not rule upon the petition at all, then Hough's federal habeas petition may have been *prematurely*, rather than untimely, filed. But we simply do not know what happened to the October 2004 petition.

It therefore appears quite possible—if not likely—that Hough's federal petition was not, in fact, untimely filed. And given that we review the district court's timeliness determination *de novo*, one possible resolution of this appeal would be simply to vacate the district court's judgment dismissing Hough's petition, and remand the case for the district court to determine what effect, if any, the October 2004 petition should have upon the timeliness of his federal one. That determination would include finding out what, if anything, happened to the October 2004 petition.

The State opposes that course on two grounds. First, the State notes that Tennessee law does not permit successive state habeas petitions. Tenn. Code Ann. § 40-30-102(c) (West 2008). The State thus argues that the October 2004 petition was not "properly filed," as required for AEDPA tolling, because it was actually Hough's *second* petition for state post-conviction relief. The first such petition, the State contends, was either Hough's February 2001 state petition or his February 2004 motion to "re-open" that petition. But in Tennessee, a state petition for post-conviction relief can be filed only *after* the conclusion of direct review of a defendant's conviction. *See Williams v.*

*State*, 44 S.W.3d 464, 469 (Tenn. 2001) (Tennessee's "Post Conviction Procedure Act clearly contemplates that a post-conviction petition is appropriately filed only after the direct appeal process has concluded"); *Gibson v. State*, 7 S.W.3d 47, 49-50 (Tenn. Crim. App. 1998) (a post-conviction-relief petition "may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted"; a prematurely filed petition "should [be] dismissed accordingly"). And here the State affirmatively concedes that "direct review of [Hough's] 1995 convictions was not concluded until March 15, 2004[.]" State's Br. at 11. By the State's own concession, then, the pleadings it cites were filed too early to be *post*-conviction petitions. The October 2004 petition, instead, was the first such petition; and it was timely filed. *See* Tenn. Code Ann. 40-30-102(a) (West 2008).

Second, the State contends that Hough did not properly present a copy of the October 2004 petition to the district court, thus precluding us from considering it. We respectfully disagree. Hough submitted a time-stamped copy of the petition to the district court on October 11, 2006, more than three months before the court issued its final order in the case. The document is therefore properly part of the record on appeal. *See* Fed. R. App. P. 10(a)(1) (the record on appeal includes "the original papers and exhibits filed in the district court"); *cf. Marvin v. City of Taylor*, 509 F.3d 234, 240 (6th Cir. 2007) ("Given that this case [is one] over which we exercise *de novo* review . . . this Court will [consider all of] the videos presented to this Court rather than [just those that were] submitted to the District Court").

Given that the October 2004 petition is part of the record on appeal, we see no reason not to consider it for purposes of our *de novo* review. That document, as discussed above, makes clear that the district court's substantive holding—that Hough's federal habeas petition was untimely—is quite

possibly, if not likely, incorrect. In light of our *de novo* standard of review, that conclusion alone requires us to remand the case.

Although our decision rests on legal grounds—namely, the judgment below may have been contrary to AEDPA's statutory-tolling provision—it bears mention, in *dicta*, that equitable grounds support the decision as well. Those include that Hough has never had *any* review, in state or federal court, of his conviction; that Hough did timely argue statutory tolling in the district court; that, as a *pro se* litigant, Hough is entitled to "the benefit of a liberal construction of [his] pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); and that determining what happened to the October 2004 petition would likely be a simple task for the district court on remand. Moreover, not least, the State itself, to its credit, candidly suggested at oral argument that "an option" for our resolution of this appeal "would be to remand the case to the district court for findings" as to what happened to the October 2004 petition, and for the court to determine in turn whether Hough's federal habeas petition is in fact timely.

That resolution, as noted above, is the one we adopt today. A determination as to what happened to the October 2004 petition is necessary to enforce AEDPA's plain terms in this case. We vacate the district court's judgment, and remand the case with instructions for it to determine the disposition, if any, of the October 2004 petition, and to determine the timeliness of Hough's federal habeas petition accordingly.

No. 06-6317
*Hough v. Carlton*

GRIFFIN, Circuit Judge, dissenting.

I respectfully dissent. I agree with the unanimous rulings of the district court and Tennessee trial and appellate courts that Hough's post-conviction filings, including his present habeas petition, were untimely under the evidence *properly* before them. Therefore, I would affirm the district court's dismissal of Hough's habeas petition challenging his now fourteen-year-old convictions for simple possession and sale of controlled substances.

I.

At the outset, it is undisputed that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review and requires Hough to have filed his application for a writ of habeas corpus not later than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Hough concedes, and the majority acknowledges, that the one-year limitation period expired on March 14, 2005, and that his August 2005 federal habeas petition was therefore untimely by almost five months *unless* he can demonstrate that the limitation period was tolled by the pendency of "a properly filed application for State post-conviction or other collateral review[.]" 28 U.S.C. § 2244(d)(2).

A.

Although the majority does not address it, Hough first attempts to circumvent § 2244(d)(1)(A)'s one-year deadline by arguing that his February 27, 2004, motion to reopen his first post-conviction petition tolled the limitation period. The district court ruled that the motion was not

"properly filed" because it was untimely, thereby precluding tolling. *Hough v. Carlton*, No. 2:05-CV-207, 2006 U.S. Dist. LEXIS 63943, at *7 (E.D. Tenn. Sept. 6, 2006). I agree.

The Supreme Court has held that "time limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that an untimely habeas petition was not "properly filed" under § 2244(d)(2)). In addition, the Court has held that "an application is '*properly filed*' [under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The Tennessee trial and appellate courts ruled that Hough's February 2001 post-conviction motions seeking "delayed" appeals of his convictions (which his February 2004 motion attempted to reopen) were time-barred and failed to comply with post-conviction procedures under Tennessee law. The Tennessee appellate court further emphasized that Hough's post-conviction motions were not only untimely, but they were late by nearly *five years*.

Hough's February 2004 motion to reopen his February 2001 post-conviction motions suffered a similar defeat. The Tennessee trial court dismissed the motion as time-barred. The Tennessee appellate court affirmed and ruled that Hough's application for permission to appeal was itself untimely.

Hough's sole contention is that the Tennessee courts erred in characterizing his motions as time-barred. However, that argument is fatally flawed because it requires this court to rule that the Tennessee courts erroneously interpreted Tennessee law. In *Pace*, the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, *that [is] the end of the matter for purposes of § 2244(d)(2)*." 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002))

(internal quotation marks omitted) (emphasis added). Consistent with *Pace*'s directive, the Tennessee courts' unanimous, repeated, and unambiguous rulings that Hough's motions were time-barred is "the end of the matter for purposes of § 2244(d)(2)" and may not be second-guessed by this court. For this reason, the district court correctly ruled that Hough's February 27, 2004, motion to reopen did not toll the one-year filing deadline.

B.

Hough alternatively contends that his second post-conviction petition filed on October 7, 2004, tolled the one-year limitation period in § 2244(d)(1)(A). The majority remands the case to the district court to consider the October 2004 petition, holding that the petition was part of the record because Hough submitted a time-stamped copy to the district court before it entered judgment. I respectfully disagree with the factual and legal bases of that decision.

Contrary to the  majority's assertion, the district court's opinion and judgment dismissing Hough's habeas petition as untimely made no mention of the October 2004 petition because the petition was *not* part of the record at that time – Hough failed to make reference to it, let alone attach it as an exhibit or argue its significance to the tolling issue, in his response to the government's second renewed motion to dismiss his habeas petition.[1] In fact, Hough concedes that the first time he submitted a date-stamped copy of his October 2004 petition to the district court was in his notice of appeal/request for certificate of appealability.

---

[1]Hough's appellate brief states:  "On March 13, 2006, Hough filed a Response to the State's Motion to Dismiss, including numerous attachments." Revealingly, Hough does not assert that one of those attachments was the October 2004 petition.

Even after the district court entered judgment, Hough *again* neither mentioned the October 2004 petition nor submitted a copy of it with his motion and amended motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Despite his error, the district court prudently considered the late and mis-filed copy of the October 2004 petition that was attached to Hough's notice of appeal as part of his request for reconsideration, and it ruled correctly that the petition did not qualify as "newly discovered evidence" ("Hough would have known he had filed the [October 2004] petition before the judgment entered . . . .") or "establish any of the other criteria for granting a Rule 59(e) motion." Thereafter, the district court properly denied Hough's subsequent motion for reconsideration because it lacked jurisdiction over the case which was now on appeal in this court.

The majority's decision to remand this case to consider the October 2004 petition contravenes the requirements of Rule 59(e). Simply because a document is part of the record does not mean that it can or should be considered. We have held that "[t]he purpose of Rule 59[(e)] is to allow the district court to correct its *own* errors[,]" *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (citation omitted) (emphasis added), not to allow a party "to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). In other words, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The district court ruled correctly that Hough's October 2004 petition was not newly discovered evidence because Hough obviously would have known about his

own petition. *See GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable").

The majority's considerations to the contrary do not justify ignoring Rule 59(e)'s requirements. Despite ample opportunities to provide the court with the October 2004 petition or even make reference to it, Hough failed to do so. In our adversarial system, it was incumbent upon Hough, the party requesting relief, to present and argue his case to the district court. His failure to do so requires affirmance of the district court's dismissal of his habeas petition. *See Chandler v. Jones*, 813 F.2d 773, 777 (6th Cir. 1987) (affirming district court's denial of petition for writ of habeas corpus and refusing to consider petitioner's claim under the "well established principle of appellate review that appellate courts do not address claims not *properly* presented below.") (emphasis added). For these reasons, the district court did not abuse its discretion in denying Hough's motion to alter or amend the judgment. *See Sault Ste. Marie Tribe of Chippewa Indians,* 146 F.3d at 374 ("A denial of a motion to alter or amend a judgment under Rule 59(e) is typically reviewed for abuse of discretion.").

## II.

I would affirm the district court's judgment and therefore respectfully dissent.