KETHLEDGE, Circuit Judge.
Plaintiff Joseph Hough appeals the district court’s dismissal, on limitations grounds, of his habeas petition under 28 U.S.C § 2254. We vacate and remand.
I.
In May 1995, Hough was convicted of drug offenses in Greene County, Tennessee Criminal Court, and sentenced to 12 years’ imprisonment. Although the Tennessee court rules required Hough’s notice of appeal to be filed with the court of appeals, Hough’s attorney, who has since died, filed the notice with the trial court. Consequently, his appeal never proceeded. Meanwhile, Hough served a 90-day “boot camp” and was released on probation. His probation was revoked in 1998, however, and Hough began to serve his prison term for the 1995 offense.
On February 14, 2001, proceeding pro se, Hough filed a petition for state habeas relief in the Greene County Criminal Court, based on his counsel’s alleged ineffectiveness for failing to pursue his direct appeal. The court was apparently unaware of Hough’s 1995 notice of appeal, and dismissed his petition as time-barred. The Tennessee Court of Criminal Appeals affirmed.
Several years later, the State discovered Hough’s original notice of appeal, and moved to dismiss the appeal for failure to prosecute. On January 13, 2004, the *521 Court of Criminal Appeals granted the motion and dismissed Hough’s direct appeal. About a month later, on February 24, 2004, Hough filed a motion in the Greene County Criminal Court to “reopen” his February 2001 state habeas proceedings. That court denied the motion as untimely, and the Court of Criminal Appeals thereafter affirmed. On October 7, 2004, Hough filed another petition for state habeas relief in the Greene County Criminal Court (the “October 2004 petition”). That petition was Hough’s first after the Court of Criminal Appeals’ dismissal of his putative direct appeal. The record before our court does not indicate what happened to the petition.
On August 9, 2005, still proceeding pro se, Hough petitioned the federal district court for habeas relief. The court dismissed Hough’s petition as untimely, and declined to issue a Certificate of Appeala-bility (COA). On September 19, 2006, Hough filed motions asking the district court to alter or amend its judgment and to reconsider its denial of a COA. On October 11, 2006, Hough filed with the district court a document entitled, “Notice of Appeal — Certificate of Appealability.” To that document was attached a timestamped copy of Hough’s October 2004 petition. More than three months later, on January 23, 2007, 2007 WL 201080, the district court denied Hough’s motion to alter its judgment. But the court did change course as to the COA, and decide to issue one, noting the case’s “atypical procedural history[.]”
This appeal, for which we granted Hough’s request to appoint him counsel, followed.
II.
The issue before us, as certified by the district court, is simply “whether [Hough’s] petition was barred by the statute of limitations in 28 U.S.C. § 2244.” State’s Br. at 1. “We review de novo a district court’s determination that a habeas corpus petition was untimely filed.” Walker v. Smith, 360 F.3d 561, 563 (6th Cir.2004).
Hough filed his petition after the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective, so that Act governs our review. Id. AEDPA imposes a one-year limitations period during which state prisoners may petition for ha-beas relief. 28 U.S.C. § 2244(d). The period begins on “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]” Id. § 2244(d)(1)(A). Here, the parties agree that Hough’s limitations period under AEDPA commenced on March 15, 2004, which was the last day on which he could have asked the Tennessee Supreme Court to review the Tennessee Court of Criminal Appeals’ dismissal of his direct appeal. Absent tolling, therefore, Hough’s limitations period ran from March 15, 2004 to March 14, 2005; in which event his August 9, 2005 federal habeas petition was untimely by 148 days.
But on October 7, 2004 — 206 days into his 365-day period — Hough filed a petition in the Greene County Criminal Court for state habeas relief. That petition appears to have been timely filed, see Tenn.Code Ann. § 40-30-102(a) (West 2008), given the State’s concession that Hough’s conviction became final on March 15, 2004. And under AEDPA, “[t]he time during which a properly filed application for State post-conviction or other collateral review” is pending does not count against the limitations period. 28 U.S.C. § 2244(d)(2). Thus, if Hough’s October 2004 petition was pending for at least 148 days (i.e., until March 3, 2005) before the state court disposed of it, then Hough’s August 9, 2005 federal habeas petition would appear to *522 have been timely filed. Alternatively, if the state court did not rule upon the petition at all, then Hough’s federal habeas petition may have been prematurely, rather than untimely, filed. But we simply do not know what happened to the October 2004 petition.
It therefore appears quite possible — if not likely — that Hough’s federal petition was not, in fact, untimely filed. And given that we review the district court’s timeliness determination de novo, one possible resolution of this appeal would be simply to vacate the district court’s judgment dismissing Hough’s petition, and remand the case for the district court to determine what effect, if any, the October 2004 petition should have upon the timeliness of his federal one. That determination would include finding out what, if anything, happened to the October 2004 petition.
The State opposes that course on two grounds. First, the State notes that Tennessee law does not permit successive state habeas petitions. Tenn.Code Ann. § 40-30-102(e) (West 2008). The State thus argues that the October 2004 petition was not “properly filed,” as required for AEDPA tolling, because it was actually Hough’s second petition for state post-conviction relief. The first such petition, the State contends, was either Hough’s February 2001 state petition or his February 2004 motion to “re-open” that petition. But in Tennessee, a state petition for post-conviction relief can be filed only after the conclusion of direct review of a defendant’s conviction. See Williams v. State, 44 S.W.3d 464, 469 (Tenn.2001) (Tennessee’s “Post Conviction Procedure Act clearly contemplates that a post-conviction petition is appropriately filed only after the direct appeal process has concluded”); Gibson v. State, 7 S.W.3d 47, 49-50 (Tenn.Crim.App.1998) (a post-conviction-relief petition “may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted”; a prematurely filed petition “should [be] dismissed accordingly”). And here the State affirmatively concedes that “direct review of [Hough’s] 1995 convictions was not concluded until March 15, 2004[.]” State’s Br. at 11. By the State’s own concession, then, the pleadings it cites were filed too early to be posi-eonvietion petitions. The October 2004 petition, instead, was the first such petition; and it was timely filed. See Tenn.Code Ann. 40-30-102(a) (West 2008).
Second, the State contends that Hough did not properly present a copy of the October 2004 petition to the district court, thus precluding us from considering it. We respectfully disagree. Hough submitted a time-stamped copy of the petition to the district court on October 11, 2006, more than three months before the court issued its final order in the case. The document is therefore properly part of the record on appeal. See Fed. R.App. P. 10(a)(1) (the record on appeal includes “the original papers and exhibits filed in the district court”); cf. Marvin v. City of Taylor, 509 F.3d 234, 240 (6th Cir.2007) (“Given that this case [is one] over which we exercise de novo review ... this Court will [consider all of] the videos presented to this Court rather than [just those that were] submitted to the District Court”).
Given that the October 2004 petition is part of the record on appeal, we see no reason not to consider it for purposes of our de novo review. That document, as discussed above, makes clear that the district court’s substantive holding — that Hough’s federal habeas petition was untimely — is quite possibly, if not likely, incorrect. In light of our de novo standard of review, that conclusion alone requires us to remand the case.
Although our decision rests on legal grounds — namely, the judgment below *523 may have been contrary to AEDPA’s statutory-tolling provision — it bears mention, in dicta, that equitable grounds support the decision as well. Those include that Hough has never had any review, in state or federal court, of his conviction; that Hough did timely argue statutory tolling in the district court; that, as a pro se litigant, Hough is entitled to “the benefit of a liberal construction of [his] pleadings and filings,” Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir.1999); and that determining what happened to the October 2004 petition would likely be a simple task for the district court on remand. Moreover, not least, the State itself, to its credit, candidly suggested at oral argument that “an option” for our resolution of this appeal “would be to remand the case to the district court for findings” as to what happened to the October 2004 petition, and for the court to determine in turn whether Hough’s federal habeas petition is in fact timely.
That resolution, as noted above, is the one we adopt today. A determination as to what happened to the October 2004 petition is necessary to enforce AEDPA’s plain terms in this case. We vacate the district court’s judgment, and remand the case with instructions for it to determine the disposition, if any, of the October 2004 petition, and to determine the timeliness of Hough’s federal habeas petition accordingly.